LEECH TISHMAN ROBINSON BROG PLLC
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Robert M. Sasloff
*Proposed Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **STARLIN LLC**, | Case No. 22-10888 (MG) |
| Debtor. | |

-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **610 WEST 46TH STREET ENTERPRISES, LTD.**, | Case No. 22-10889 (MG) |
| Debtor. | |

-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **RM HOLDINGS COMPANY INC.**, | Case No. 22-10890 (MG) |
| Debtor. | |

-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **BRC OWNERS, L.P.**, | Case No. 22-10891 (MG) |
| Debtor. | |

-----------------------------------------------------------X

-------------------------------------------------------X
In re:                                                                          Chapter 11

**RG MEZZ LLC,**                                                    Case No.  22-10892 (MG)

                                  Debtor.
-------------------------------------------------------X
In re:                                                                          Chapter 11

**RG MEZZ III LLC**,                                                 Case No. 22-10893 (MG)

                                  Debtor.
-------------------------------------------------------X
In re:                                                                          Chapter 11

**RG MEZZ V LLC**,                                                  Case No. 22-10894 (MG)

                                  Debtor.
-------------------------------------------------------X
In re:                                                                          Chapter 11

**RG MEZZ VI LLC**,                                                 Case No. 22-10895 (MG)

                                  Debtor.
-------------------------------------------------------X

## APPLICATION PURSUANT TO
## SECTION 105 OF THE BANKRUPTCY CODE AND
## RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY
## PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION

TO THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Starlin LLC and its affiliates, as debtors and debtors in possession (together, the "Debtors"), by their proposed attorneys, Leech Tishman Robinson Brog, PLLC, seek the entry of an order directing the joint administration of their estates for

2

procedural purposes only pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. The statutory predicates for this relief are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b)

## BACKGROUND

4. On June 28, 2022 ("Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

### Capital Structure – The Senior Loan

6. On or about September 21, 2018, pursuant to a Mortgage Loan Agreement (the "Loan Agreement"), Borrowers, entities owned and controlled by

3

Robert M. Gans, obtained a loan in excess of $130 million from CMTG Lender 23, LLC (the "Original Senior Lender"), an affiliate of Mack Real Estate Group. The original mortgage was issued to secure a loan in the principal amount of $130,240,000.00. The principal amount of the loan was later paid down to $116,020,000.00 (the "Mortgage Loan").

7.  The borrowers under the Loan Agreement are 175 Spring Street LLC, 616 11th Avenue LLC, 610 West 46th Street LLC, 613 11th Avenue LLC, 617 11th Avenue LLC, 623 11th Avenue LLC, 616-620 West 46th Street LLC, 609 11th Avenue LLC, 108 Merrick Boulevard LLC, and Westside Realty of New York, Inc. ("Westside," together with Westside, the "Borrowers").[1]

8.  The Mortgage is secured by the following real properties and their improvements (collectively, the "Mortgaged Properties") located at: (i) 533 West 27th Street, New York, New York 10001 (Block 699, Lot 14) (the "Westside Realty Property"); (ii) 175 Spring Street, New York, New York 10012 (Block 502, Lot 42) (the "Spring Street Property); (iii) 616-624 11th Avenue, New York, New York 10036 (Block 1074, Lot 63) (the "11th Avenue Eastside Property"); (iv) 610 West 46th Street a/k/a 604- 614 West 46th Street and a/k/a 607 West 45th Street, 616-620 West 46th Street, 603 West 45th Street a/k/a 609-611 11th Avenue, 613-615 11th Avenue, 617 11th Avenue and 623 11th Avenue New York, New York 10036 (Block 1093, Lots 21, 31, 33, 36, 42 and 129) (collectively, the "11th Avenue Westside

---

[1] At the time of this writing, none of the Borrowers are bankruptcy debtors.

Property"); and (v) 108-02 and 108-16 Merrick Boulevard, Queens, New York 11433 (Block 10176, Lots 8 and 12) (the "Merrick Property").

9. The Debtors are direct or indirect 100% owners of the Borrowers.

10. In or about April 15, 2022, Original Lender's rights, title and interests in connection with the Mortgage Loan were purportedly assigned to and assumed by a newly formed entity named Clinton Holdings PB I LLC ("New Senior Lender"). As discussed further herein, New Senior Lender and New Mezzanine Lender (defined below) are both affiliated with Extell Development Company and Bluestone Group.

### The Mezzanine Loan

11. Also on September 21, 2018, certain Gans-controlled entities (the "Mezzanine Borrowers"), entered into a mezzanine loan agreement ("Mezzanine Agreement") with the Mezzanine Lender, Midtown West Portfolio Lender LLC (the "Original Mezzanine Lender," and together with the Original Lender, the "Original Lenders")).

12. The Original Mezzanine Lender was owned and controlled by the Bluestone Group.[2] In exchange for the Mezzanine Loan, the Debtors granted the Original Mezzanine Lender certain collateral (also listed in Schedule I of the Mezzanine Agreement as well as accompanying security agreement documents) that principally includes their respective equity interests in the Borrowers that own the Mortgaged Properties. The initial amount of the Mezzanine Loan was $17,760,000.

5

Original Mezzanine Lender's rights, title and interests in connection with the Mezzanine Loan were purportedly assigned to and assumed by a newly-formed entity named Clinton Holdings PB II LLC ("New Mezzanine Lender", together with New Lender (the "New Lenders") on April 15, 2022. The New Mezzanine Lender is also affiliated with Extell and the Bluestone Group (which was related to the Original Mezzanine Lender). Upon information and belief, the New Mezzanine Lenders claims that the amount of principal, interest and fees outstanding under the Mezzanine Agreement is approximately $27 million. This amount is disputed by the Debtors.

13. On or about June 23, 2022, the New Mezzanine Lender served a "Notice of Intent to Dispose of Collateral" ("UCC Foreclosure Notice") under the Mezzanine Loan Agreement on each of the Debtors and Mezzanine Borrowers, i.e., 610 West 46th Street Enterprises, Ltd., BRC Owners, L.P., RGMezz LLC, RG Mezz III LLC, RG Mezz V LLC, RG Mezz VI LLC, RM Holdings Company Inc. and Starlin LLC. The UCC Foreclosure Notice set a sale date for September 2022.

14. The Debtors believe there is substantial equity in the Mortgaged Properties and have been in discussions with third parties to refinance and repay allowed claims against the Debtors. Absent the imposition of the automatic stay, the Debtors are at risk that the Mezzanine Lender will exercise enforcement remedies (in addition to the looming UCC sale) that could severely impair the Debtors' ability to maximize value and reorganize under chapter 11. For these

---

[2] A full list of Mezzanine Borrowers attached hereto as **Exhibit A**.

reasons, the Debtors determined in their business judgment that a filing under title 11 was necessary and appropriate.

15. Therefore, on June 28, 2022, the Mezzanine Borrowers filed the chapter 11 petition commencing these chapter 11 cases.

## RELIEF REQUESTED

16. By this Motion, the Debtors seek the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b). For the reasons set forth herein, the Debtors believe that, in light of their affiliated status, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting the Chapter 11 Cases and rendering their administration more efficient and economical.

17. The Debtors seek the entry of an order directing the joint administration for procedural purposes only pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 1015. A proposed order is annexed hereto.

18. Bankruptcy Rule 1015 provides that:

(b) Cases Involving Two or More Related Debtors. If . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . .

Fed. R. Bankr. P. 1015(b).

19. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

20. The Debtors are "affiliates" through a common ownership structure. Accordingly, this Court may grant the requested relief. The Debtors believe that joint administration of these Chapter 11 cases would be practical, expedient, economical and less time-consuming for the Debtors, their management and professionals, the court, the Clerk's office and all parties in interest. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders in each of the debtor cases, thereby saving the Debtors' estates considerable expense and conserving their resources.

21. The Debtors believe that the majority of the applications, hearings and orders to be made, held and entered in these cases will affect all of the Debtors. Among other reasons, the Debtors are jointly and severally liable for the Mezzanine Loan or affiliates of such entities. Accordingly, the Debtors believe that the burdens on the Clerk and the Court would be substantially increased if separate dockets were maintained for each of the Debtors' cases. Without an order directing joint administration, originals of virtually every pleading, motion, application, notice and

order would have to be duplicated and filed and served in each of the these affiliated cases.

22. Accordingly, joint administration and procedural consolidation will facilitate the efficient and economical administration of these cases, promote the interests and convenience of the parties and reduce costs and expedite administration. Further, supervision of the administrative aspects of these cases by the United States Trustee will be simplified.

23. The Debtors believe that no party in interest will be prejudiced by the relief requested in this motion. The rights of creditors will not be adversely affected because the relief requested is purely procedural and is not intended to affect the substantive rights of any party. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

24. Each creditor will still have to file a claim against the particular debtor or estate, or Debtors or estates, allegedly responsible for such debt.

25. Accordingly, the Debtors ask the Court to modify the caption of their cases to reflect the joint administration of these chapter 11 cases, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

**STARLIN LLC,** *et al.*,[1]

Debtors.

Chapter 11

Case No. 22-10888 (MG)

(Jointly Administered)

------------------------------------------------------------X

1. The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Starlin LLC (6765); 610 West 46th Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners, L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871); and RG Mezz VI LLC (8222).

26.     The Debtors request that the docket of the jointly administered cases be maintained under the case number assigned to Starlin LLC, Case No. 22-10888 (MG).  The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket sheet in each of the Debtors' chapter 11 cases:

> An order has been entered in this case, directing the joint administration of this case with the case of Starlin LLC, Case No. 22-10888 (MG).

27.     Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis as long as separate allocations of disbursements will be made for each debtor. Consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## NOTICE

28. Notice of this motion has been given to the Office of the United States Trustee for the Southern District of New York. The Debtors believe that such notice is sufficient under the circumstances and that no further notice need be given to any party.

## CONCLUSION

29. For the reasons stated above, the Debtors request that these bankruptcy cases be jointly administered.

30. No prior request for this relief has been made to this or any other court.

WHEREFORE, the Debtors seek the entry of an order: (i) directing the joint administration of their estates pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b); and (ii) granting to the Debtors such other and further relief as is just and appropriate.

Dated: New York, New York
      July 1, 2022

**LEECH TISHMAN ROBINSON BROG PLLC**

By: /s/ Fred B. Ringel
Fred B. Ringel
875 Third Avenue
New York, New York 10022
(212) 603-6300
Proposed Attorneys for the Debtors

4890-9641-8343, v. 4

## Exhibit A

### Mezzanine Borrowers

Starlin LLC
610 West 46th Street Enterprises, Ltd.
RM Holdings Company Inc.
BRC Owners, L.P.
RG Mezz LLC
RG Mezz III LLC
RG Mezz V LLC
RG Mezz VI LLC

4890-9641-8343, v. 4