# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                    Chapter 11

**STARLIN LLC** *et al.*,[1]                              Case No. 22-10888 (MG)

                                                          (Joint Administration Requested)

                                    Debtors.
---------------------------------------------------------X


## ORDER APPROVING SETTLEMENT AGREEMENT

Starlin LLC and its debtor affiliates (collectively, "the Debtors"), having filed

a Motion to Approve Settlement Agreement (the "Settlement Agreement") Between

the Debtors, and Clinton PB Holdings I LLC, Clinton PB Holdings II LLC, and

Clinton PB Holdings III LLC (collectively, the "CPBH Entities") (the "Motion"),

seeking entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019

approving the Settlement Agreement; and proof of due service of the Motion having

been filed with the Court; and the Court having considered the argument of counsel

as presented on the record at the hearing to approve the Settlement Agreement;

and it appearing that approving the Motion is in the best interests of the Debtors

and their estates, after due deliberation and consideration of the facts and

circumstances pertaining to this matter; and good and sufficient cause appearing

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Starlin LLC (6765); 610 West 46th Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners, L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871); and RG Mezz VI LLC (8222); 175 Spring Street, LLC (4249); 610 West 46th Street LLC (3898); 616-620 West 46th Street LLC (3706); 616 11th Avenue LLC (5258); 609 11th Avenue LLC (5047); 613 11th Avenue LLC (6820); 617 11th Avenue LLC (9177); 623 11th Avenue LLC (5464); 108 Merrick Boulevard LLC (3250); and 533 West 27 Street Common Member LLC ([]).

4879-5144-6579, v. 1
KL2 3304292.3

therefor

**NOW**, on motion of Leech Tishman Robinson Brog, PLLC, proposed counsel

for the Debtors, it is hereby

**ORDERED,** that the Motion is granted and the Settlement Agreement (with

all stipulations and exhibits attached thereto) in the form annexed hereto as

**Exhibit 1** is approved in all respects; and it is further

**ORDERED,** that Section 362 of the Bankruptcy Code is modified solely to

allow the Debtors to file the Stipulations and Orders temporarily staying the

Foreclosure Action,[2] the Argo 45 Action and the Conveyance Action (as defined in

the Settlement Agreement) and attached to the Settlement Agreement as Exhibits

B, C, and D, respectively in the Supreme Court of the State of New York, County of

New York, within five (5) days of the Execution Date of the Settlement Agreement;

and it is further

**ORDERED**, that upon the timely payment of the Settlement Amount or

transfer of the property under the Sale Treatment (as may be applicable) pursuant

to the terms and conditions of the Settlement Agreement, and subject to the Gans

Entities' compliance with the obligations set forth in the Settlement Agreement, the

CPBH Entities will (i) execute a separate agreement, and (ii) cause the entities that

CPBH Entities own and control (including, without limitation, 533 West 27 Street

JV LLC, Westside Realty of New York, Inc., and 534 West 28th Pref LLC), the

CPBH Entities' members, and the ultimate owner of the CPBH Entities' members,

---

[2]Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Settlement Agreement.

4879-5144-6579, v. 1
KL2 3304292.3

to execute a separate agreement in each case releasing and discharging the Gans

Releasors (to the extent set forth in the Settlement Agreement); and it is further

**ORDERED**, that if the Gans Entities default under any covenants or

obligations contained in the Settlement Agreement, the CPBH Entities shall

provide five (5) days' notice of said default to the Debtors and shall file a

corresponding notice with the Court (the "Notice Period").  After the Notice Period

has expired, CPBH Entities are hereby granted relief from the automatic stay to the

extent necessary to permit the CPBH Entities to exercise their remedies under non-

bankruptcy law; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to any

issues relating to or arising out of the Settlement Agreement, the Motion or this

Order.

**DATED:**  New York, New York
September __, 2022

_____
**HONORABLE MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY**
**JUDGE**

4879-5144-6579, v. 1
KL2 3304292.3

<u>Exhibit 1</u>

SETTLEMENT AGREEMENT

*EXECUTION VERSION*

## SETTLEMENT AGREEMENT

This settlement agreement (the "**Agreement**"), dated as of September 8, 2022 (the "**Execution Date**") by and between Clinton PB Holdings I LLC, Clinton PB Holdings II LLC, and Clinton PB Holdings III LLC (collectively, the "**CPBH Entities**) and Robert Gans ("**Gans**"), Starlin LLC, 610 West 46th Street Enterprises, Ltd., RM Holdings Company Inc., BRC Owners, L.P., RG Mezz LLC, RG Mezz III LLC, RG Mezz V LLC, RG Mezz VI LLC (collectively, the "**Mezz Borrowers**," and, together with any subsequently filed bankruptcy cases for the Gans Entities, the "**Debtors**"), 175 Spring Street LLC, 610 West 46th Street LLC, 623 11th Avenue LLC, 617 11th Avenue LLC, 616 11th Avenue LLC, 108 Merrick Boulevard LLC, 613 11th Avenue LLC, 609 11th Avenue LLC, 616-620 West 46th Street LLC (collectively, the "**Mortgage Borrowers**"), 533 West 27 Street Common Member LLC ("**Gans Member**" ), and Argo 45, LLC ("**Argo 45**," collectively with Gans, the Mezz Borrowers, the Mortgage Borrowers, and Gans Member, the "**Gans Entities**," and, together with the CPBH Entities, the "**Parties**") and sets forth the terms upon which the Parties have agreed to settle the matters described below:

## RECITALS

**WHEREAS**, on June 8, 2018, Gans Member and 534 West 28th Pref LLC ("**Initial Pref Member**") entered into an Amended and Restated Operating Agreement of 533 West 27 Street JV LLC (the "**Affiliate JV**") pursuant to which Initial Pref Member made a preferred equity investment of $5 million (as the same has or may have been amended, the "**Pref Loan**") in the Affiliate JV (the "**Pref Investment**").  In connection with the Pref Loan, Initial Pref Member received a security interest in 533 West 27 Street JV LLC and Westside Realty of New York, Inc., pursuant to Pledge Agreement (Membership Interests in 533 West 27 Street JV LLC) and Pledge Agreement (Equity Ownership Interests in Westside Realty of New York, Inc.), respectively.  Also on June 8, 2018, Gans executed the Non-Recourse Carve-Out Guaranty.

**WHEREAS**, on September 21, 2018, various non-Debtor affiliates[1] entered into a Mortgage Loan Agreement (as the same has or may have been amended, the "**Senior Loan Agreement**") with CMTG Lender 23 LLC (the "**Initial Mortgage Lender**") for a loan in the principal amount of $130,240,000, which was reduced to $116,020,000 (the "**Senior Loan**"), secured by a mortgage on certain property described therein.  Also on September 21, 2018, in connection with the Senior Loan, Gans executed, among other things, a Mortgage Loan Guaranty of Recourse Obligations in favor of the Initial Mortgage Lender.

**WHEREAS**, on September 21, 2018, certain of the Debtors and non-Debtors[2] entered into a Mezzanine Loan Agreement (as the same has or may have been amended, the "**Mezz Loan Agreement**") with Midtown West Portfolio Lender LLC (the "**Initial Mezz Lender**") for a loan in the principal amount of $17,760,000 which was reduced to $15,820,909 (the "**Mezz Loan**"), secured by the Mezz Loan and various pledge and security agreements.  In connection with the Mezz Loan, also on September 21, 2018, Gans executed, among other things, a Mezzanine Loan Guaranty of Recourse Obligations in favor of the Initial Mezz Lender.

**WHEREAS**, on March 31, 2020, Initial Pref Member and BRC Owners, L.P. entered into a Pledge Agreement (Membership Interests in Starlin LLC) pursuant to which the Initial Pref Member agreed to extend the date by which the Pref Investment was to be repaid (the "**Redemption Date**") to September 8, 2020, in exchange BRC Owners, L.P.'s pledge of its membership interests in Starlin LLC and its rights as a creditor of Starlin LLC as collateral for

---

[1] The initial Mortgage Borrowers under the Senior Loan are: Westside Realty of New York, Inc., 175 Spring Street LLC, 616 11th Avenue LLC, 610 West 46th Street LLC, 613 11th Avenue LLC, 617 11th Avenue LLC, 623 11th Avenue LLC, 616-620 West 46th Street LLC, 609 11th Avenue LLC, 34 Steinway Street LLC, 108 Merrick Boulevard LLC, Barracuda II LLC, Cleftone LLC, and Conquistador LLC.

[2] The initial Mezz Borrowers under the Mezz Loan are Debtors Starlin LLC, 610 West 46th Street Enterprises, Ltd., BRC Owners, L.P., RG Mezz III LLC, RG Mezz LLC, RG Mezz V LLC, RM Holdings Company Inc., and RG Mezz VI LLC, and non-debtors 533 West 27 Street JV LLC, RG Mezz I LLC, RG Mezz IV LLC, and RG Mezz II LLC.

payment and performance of the Guaranteed Recourse Obligations (as defined in the Supplemental Guaranty dated March 31, 2020).  In connection with the extension of the Redemption Date, BRC Owners, L.P. executed a Supplemental Guaranty dated March 31, 2020, in favor of the Initial Pref Member.

WHEREAS, on August 11, 2021, there was a UCC sale ("**West 27 UCC Sale**") of the membership interests of Gans Member in the Affiliate JV.

WHEREAS, on April 15, 2022, the Senior Loan was assigned to and assumed by Clinton PB Holdings I LLC.

WHEREAS, on April 15, 2022, the Mezz Loan was assigned to and assumed by Clinton PB Holdings II LLC.

WHEREAS, on April 15, 2022, the Pref Investment position was assigned to and assumed by Clinton PB Holdings III LLC.

WHEREAS, the Pref Loan has been in default since April 2020.

WHEREAS, the Mortgage Borrowers or the Mezz Borrowers have been in default under the Senior Loan and the Mezz Loan since January 2020.

WHEREAS, on October 14, 2021, the Initial Mortgage Lender filed a Summons and Complaint for Foreclosure in an action captioned (as amended) *Clinton PB Holdings I LLC v. Westside Realty of New York, Inc., et al.*, Index No. 850241/2021 (the "**Foreclosure Action**"), pursuant to which Initial Mortgage Lender sought, among other relief, a judgment of foreclosure under the mortgage securing the Senior Loan.

WHEREAS, on August 22, 2022, the Court entered an order substituting Clinton PB Holdings I LLC as the named plaintiff in the Foreclosure Action.

**WHEREAS**, on May 2, 2022, Clinton PB Holdings I LLC filed a Complaint, which was subsequently amended pursuant to an Amended Complaint dated July 27, 2022, in an action captioned *Clinton PB Holdings I LLC v. 175 Spring Street LLC, et al.*, Index No. 652059/2022 (the "**Argo 45 Action**"), pursuant to which Clinton PB Holdings I LLC sought an order directing Mortgage Borrowers and Gans to specifically perform their obligations under the Senior Loan Agreement and the Recourse Guaranty to cause Argo 45 to exercise and consummate the purchase option set forth in the applicable option lease, and to add the option property as collateral for the Senior Loan.

**WHEREAS**, on June 23, 2022, Clinton PB Holdings II LLC, in accordance with the Mezz Loan Agreement, various pledge and security agreements, and the Uniform Commercial Code (the "**UCC**"), provided notice of its intent to conduct a UCC foreclosure of equity interests pledged by Debtors in the Mortgage Borrowers as collateral for the Mezz Loan.

**WHEREAS**, on June 24, 2022, Clinton PB Holdings I LLC and Clinton PB Holdings II LLC filed a Complaint in an action captioned *Clinton PB Holdings I LLC, et al. v. Robert Gans, et al.*, Index No. 656967/2022 (the "**Fraudulent Conveyance Action**"), pursuant to which Clinton PB Holdings I LLC and Clinton PB Holdings II LLC sought: (i) a judgment against Gans and Caren Gans setting aside Gans' transfer of assets to his daughter, Caren Gans pursuant to the Uniform Fraudulent Transactions Act; (ii) an injunction against Gans barring the transfer of any other assets; and (iii) in the alternative, damages for Gans' breach of the applicable guaranties because such transfers reduced his Net Worth below the thresholds set forth in the guaranties.

**WHEREAS**, on June 28, 2022, the Mezz Borrowers each filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United

States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 22-10888 (the "**Mezz Chapter 11 Cases**"); and

**WHEREAS**, to avoid the costs and risks of further litigation between the Parties, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

## <u>SETTLEMENT</u>

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      **<u>Court Approval</u>**.    The effectiveness of this Agreement and the terms thereof are subject to entry of an order, in form and substance acceptable to the Parties, by the Bankruptcy Court approving this Agreement (the date of entry of such order, the "**Effective Date**").  The Debtors agree to file such motions and other filings as may be required to obtain approval of this Agreement by the <u>earlier</u> of (i) September 13, 2022 or (ii) one (1) day following the Argo 45 Option Closing Date.  In the event the Agreement is not approved, this Agreement shall be null and void, shall not be admissible in any court proceeding for any purpose, and the fact that any Party entered into this Agreement shall not constitute evidence of the truth of any of the Parties' allegations or the admissibility of any evidence that may be offered by any Party in any court proceeding.

2.      **<u>Allowed Claim</u>**.  As of September 6, 2022, the CPBH Entities' allowed claims (such claims, subject to continued accrual of interest at the default contract interest rate and payment of CPBH Entities' professional fees and expenses, the "**Allowed Claim**") are in an

amount equal to $237,230,043[3] and such amount shall continue to increase as a result of the accrual of interest, the incurrence of costs and expenses, and the reimbursement of professional fees and expenses.  The Allowed Claim shall be further increased by the Argo 45 Option Purchase Price (as provided for below) to the extent funded by or on behalf of one or more of the CPBH Entities. The Allowed Claim is secured by all of the assets of the Gans Entities (other than Gans).[4]

3.    **Settlement Amount**.  The CPBH Entities hereby agree to a voluntary reduction of their Allowed Claim solely for purposes of this Agreement and, as such and subject to the terms of this Agreement, the Debtors shall pay the CPBH Entities an amount equal to the sum of (i) $200 million, plus (ii) the Argo 45 Option Purchase Price to the extent funded by or on behalf of one or more the CPBH Entities,[5] plus (iii) interest on $200 million (compounding monthly) at the non-default contract interest rate from and after August 19, 2022, plus (iv) payment of CPBH Entities' professional fees and expenses and from and after July 5, 2022 (such claim, the "**Settlement Amount**").  Clinton PB Associates LLC and Clinton PB Holdings III shall retain their interests in the 533-535 West 27th Street property.  The Settlement Amount shall be paid in cash and in full on or before December 22, 2022 or such later date to which the CPBH Entities may agree in their sole discretion (the "**Payment Date**").  For the avoidance of doubt, as part of this Agreement, the CPBH Entities agree they shall not assert any other claim against the Debtors'

---

[3] Attached hereto as Exhibit A is (i) an updated payoff statement that reflects the CPBH Entities' Allowed Claim, as of September 6, 2022, but does not include all professional fees and expenses reimbursable to the CPBH Entities, which amounts will increase the CPBH Entities' Allowed Claim and (ii) a projected payoff statement that reflects the CPBH Entities' Allowed Claim, as of December 22, 2022, in the amount of $251,637,113, which amount is subject to adjustment for calculation of the interest rate and reimbursement for fees and expenses.

[4] The assets of the Gans Entities subject to the security interest shall include the property subject to the Purchase Option (as defined herein) following the closing thereon. Nothing herein shall expand or limit the security interest previously granted by any of the Gans Entities in favor of the CPBH Entities.

[5] This shall be the amount that the applicable CPBH Entity will loan to Argo 45 to fund the exercise of the purchase option set forth in the applicable Option Lease.  Such secured Argo 45 loan shall bear interest at the same rate presently set forth in the Senior Loans; provided however that, subject to the timely payment of the Settlement Amount, such interest on the Argo 45 secured loan shall be waived.

estates or other Gans Entities other than the Settlement Amount, and the payment of the Settlement Amount in accordance with the terms of this Agreement shall be in full and complete satisfaction of any and all claims the CPBH Entities has or may have against any of the Gans Entities; provided however that this shall only apply in the event of the timely payment of the Settlement Amount.

4.      **The Argo 45 Transaction**. Within no more than one (1) day following the Execution Date, Argo 45 shall accelerate the closing date of the purchase option (the "**Purchase Option**") provided in Section 30 of the lease (as amended, the "**Option Lease**") dated January 2013 between Argo 45 and SA Waterfront Realty, Inc., with respect the property located at 605 West 45th Street, New York, New York (Block 1093, Lot 28) (the "**Option Property**"), and immediately provide evidence of such acceleration to the CBPH Entities, and within no more than ten (10) days following the Execution Date, actually close on the acquisition of the Option Property (the "**Argo 45 Option Closing Date**"), TIME BEING OF THE ESSENCE WITH RESPECT TO THE FOREGOING OBLIGATIONS.  Clinton PB Holdings I, LLC will provide a secured loan to Argo 45 to fund (i) the acquisition of the Option Property at the purchase price for the Option Property set forth in the Argo Lease and (ii) the reasonable and necessary closing costs (including reasonable legal fees, title insurance charges, prorations, and recording fees and mortgage recording tax in an amount not to exceed 4% of the purchase price for the Option Property (the foregoing, with interest, except as waived as provided for herein with respect to the Settlement Amount, the "**Argo 45 Option Purchase Price**").  The amount of such secured loan shall either be added to the original mortgage or new individual mortgage, at Clinton PB Holdings I, LLC's option and in its sole discretion, which secured loan shall be subject to the same terms as the Senior Loan and, on the Execution Date, the Gans Entities named in the Foreclosure Action agree that Clinton PB Holdings I LLC has the right to amend the foreclosure complaint to add the Option

Property and Argo 45 as a defendant to the Foreclosure Action (as set forth more fully in Exhibit B), in the form attached hereto as Exhibit B.  On the Argo 45 Option Closing Date, Robert Gans, the individual that owns and controls the Mortgage Borrowers, Mezz Borrowers and Argo 45 will, concurrently with the closing, (i) cause the Option Property purchased by virtue of the exercise of the Purchase Option to be added to Clinton PB Holdings I, LLC's collateral in accordance with the terms of the Senior Loan documents, and (ii) provide Clinton PB Holdings I LLC a pledge of the membership interests in Argo 45.  Immediately thereafter, Gans shall cause a voluntary chapter 11 petition to be filed for Argo 45, in which case, upon commencement, Argo 45 shall move for such case to be jointly administered before the Bankruptcy Court together with the Chapter 11 cases of the Debtors.  Argo 45 shall be included as a Debtor for purposes of the Agreement and the transactions contemplated therein.

5.      **Consummation of Agreement Pursuant to a Chapter 11 Plan**. The Agreement shall be implemented through the consensual bankruptcy cases of all of the Gans Entities (other than Gans)[6], including the currently pending Chapter 11 cases of the Mezz Borrowers and the to be filed cases of (i) Argo 45 (to be filed in accordance with paragraph 4 hereof), and (ii) the Mortgage Borrowers (to be filed as set forth in paragraph 1 hereof), which cases, upon commencement, the Debtors shall file a motion to  jointly administered the cases before the Bankruptcy Court together with the Chapter 11 cases of the Mezz Borrowers and Argo 45. The Settlement Amount shall be paid pursuant to a sale and/or refinancing transaction under a Chapter 11 plan (the "**Plan**") for the Gans Entities in form and substance acceptable to the CPBH Entities and for which the CPBH Entities shall be a co-plan proponent.  The Plan shall provide the CPBH Entities with the following treatment: (a) payment of the Settlement Amount on or before

---

[6] Mr. Gans consents to the submission of jurisdiction to the Bankruptcy Court for all purposes in connection with this Agreement, the Plan and the transactions contemplated thereby.

the Payment Date, *or* (b) if the Debtors fail to make such timely payment, then, one (1) Business Day after the Payment Date (or such later date(s) as determined by the CPBH Entities in their sole and absolute discretion), the sale or sales of the assets of the Gans Entities to the CPBH Entities (or their designees) through a credit bid for an amount not to exceed the full amount of the Allowed Claim in full and complete satisfaction of any and all claims any of the CPBH Entities has or may have against any of the Gans Entities (the "**Sale Treatment**").    In furtherance of this Agreement and the Plan, the Parties agree to the following milestones: (i) the hearing on the motion to approve this Agreement shall occur on  the earliest available date available from the Bankruptcy Court upon the filing of such motion; (ii) the filing of the Plan and disclosure statement shall occur on or before **November 7, 2022**; (iii) a hearing to confirm the Plan shall occur on or before **December 8, 2022**; and (iv) the Plan's effective date shall occur on or before **December 22, 2022**.  The Plan, disclosure statement and all pleadings in furtherance thereof shall be in form and substance acceptable to the CPBH Entities.  The Debtors shall not be permitted to withdraw the Plan (absent the consent of the CPBH Entities and, then, only to proceed with the Sale Treatment under the Sale Motion).

6.      **Sale Treatment**.  In the event that the CPBH Entities are provided the Sale Treatment because the Settlement Amount is not paid on or before the Payment Date, then the CPBH Entities may elect (in their sole discretion) to either: (a) pay all allowed priority and allowed administrative expense claims so that the Sale Treatment occurs pursuant to the Plan and the Plan can go effective or (b) consummate the Sale Treatment through one or more sales under section 365 and 363 of the Bankruptcy Code outside of a plan (in which case, the Plan shall not go effective).  Promptly upon the Bankruptcy Court's approval of this Agreement, the Debtors shall

file a sale motion (the "**Sale Motion**") for a private sale to the CPBH Entities, as credit bidder,[7] as

a backstop in the event the Plan fails to be confirmed or does not go effective with the Settlement

Payment being made by the Payment Date or the CPBH Entities elect not to proceed with the Sale

Treatment under a Plan.[8]  The Sale Motion shall be in form and substance acceptable to the CPBH

Entities.  The Debtors shall not be permitted to withdraw the Sale Motion.  If there is a transfer of

assets to CPBH Entities (or their designees) through one or more sales and the Sale Treatment is

consummated under either the Plan or the Sale Motion, such assets will be transferred free and

clear of any pledges, liens, security interests, encumbrances, claims, charges, service contracts,

options and interests thereon, tenancies, and shall be delivered vacant to the CPBH Entities (or

their designees).

> 7.  **Stay of Pending Actions**.  Within five (5) days of the Execution Date, and

provided that the closing of the Purchase Option has been accelerated in accordance with this

Agreement, the Parties agree to seek a temporary stay (the "**Stay**") of all proceedings in deadlines

in the Foreclosure Action, the Argo 45 Action and the Fraudulent Conveyance Action by the filing

of executed stipulations in the forms attached as Exhibits B, C, and D.  In the event that the Gans

Entities default under any covenants or obligations contained in this Agreement, then (i) any Stay

with respect to actions against non-Debtors shall immediately terminate, and the CPBH Entities

shall have the unilateral right to inform the court of the same, and (ii) the CPBH Entities shall be

entitled to request that the automatic stay with respect to the Debtors lifted on an expedited basis,

and Debtors consent to the same.

---

[7] In the event of such credit bid by the CPBH Entities, they shall be permitted to credit bid up to the full amount of their Allowed Claim and not the reduced Settlement Amount.

[8] In such instance, the CPBH Entities (or their designees) would be responsible for the payment of any transfer taxes for a sale or sales not consummated pursuant to a Plan.

8. **Gans Entities' Release**. Effective as of the Execution Date (subject to the approval of this Agreement by the Bankruptcy Court), the Gans Entities, on behalf of themselves and, to the fullest extent permitted by law, each of their respective current and former affiliates, successors, partnerships, and related parties and persons (including Gans' partners, family members, any related-party tenants and any other entities that Gans owns and controls) (the "**Gans Releasors**"), release and discharge the CPBH Entities, each of their respective current and former parents, affiliates, related parties, insiders, agents, members (and the ultimate owners of the CPBH Entities' members), subsidiaries, successors, predecessors, assignors and assigns, and each of their respective current and former officers, directors, employees, agents, assigns, assignees, affiliates, members, partnerships, partners, trustees, trusts, and attorneys (the "**CPBH Released Parties**"), from any and all known and unknown claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or derivative in nature, whether arising under federal or state statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, whether or not apparent or yet to be discovered, or which may hereafter develop, including without limitation those arising out of or relating to the Senior Loan, the Mezzanine Loan, the Pref Loan, the Option Property, and the West 27 UCC Sale, and the transactions relating to the foregoing (the "**Gans Releases**"). The Gans Releases herein shall be automatically and immediately effective as of the entry of the Bankruptcy Court order

approving this Agreement without necessity of any further documentation.  Nothing herein shall constitute a release of the obligations under this Agreement.

9.      **CPBH Entities' Release**.  Upon the payment of the Settlement Amount or transfer of the properties under the Sale Treatment (as may be applicable), and subject to the Gans Entities' compliance with the obligations set forth under this Agreement, including the payment of the Settlement Amount on or before the Payment Date or the cooperation on the Sale Treatment, the CPBH Entities will (i) execute a separate agreement, and (ii) will cause the entities that the CPBH Entities own and control (including, without limitation, 533 West 27 Street JV LLC, Westside Realty of New York, Inc., and 534 West 28th Pref LLC), the CPBH Entities' members, and the ultimate owners of the CPBH Entities' members, to execute a separate agreement, in each case releasing and discharging the Gans Releasors from any and all known and unknown claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or derivative in nature, whether arising under federal or state statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, whether or not apparent or yet to be discovered, or which may hereafter develop, arising out of or relating to the Senior Loan, the Mezzanine Loan, the Pref Loan, and the transactions relating to the foregoing.  Nothing herein shall constitute a release of the obligations under this Agreement.

10.  **Confession of Judgment**.  Gans individually, and on behalf of the Gans
Entities, commits to cooperating fully in undertaking the actions required by this Agreement,
including to diligently prosecute the approval of the Agreement, and thereafter, to implement the
transactions contemplated by this Agreement.  To support these commitments, a confession of
judgment against Gans under the Mortgage Loan Guaranty of Recourse Obligations dated
September 21, 2018, the Mezzanine Loan Guaranty of Recourse Obligations dated September 21,
2018, and the Non-Recourse Carve-Out Guaranty dated June 8, 2018 shall be executed and
delivered on the Execution Date.  The foregoing confessions of judgment are attached hereto as
Exhibits E, F, and G.  One or more of the confessions of judgment may be filed and entered
immediately upon a breach or default by the Gans Entities under this Agreement, in the CPBH
Entities' sole and absolute discretion.

11.  **Professional Fees**.  Gans covenants to cause the Debtors (including the
Mezzanine Borrowers and the Mortgage Borrowers) to pay their professional fees and expenses
and to remain current thereon, including post-petition professional fees, and shall fund a retainer
in an amount necessary to ensure payment of such fees and expenses under a Plan.  All such fees
and expenses shall be subject to any required approvals of the Bankruptcy Court.

12.  **Termination**.  This Agreement may be terminated:

a) By the consensual written agreement of both the Debtors and the CPBH
Entities; and

b) By the CPBH Entities, if the Debtors or Gans breach this Agreement.  Such
breach can include, without limitation the failure of the Purchase Option to
close on or before the Argo 45 Option Closing Date with the concurrent
granting of the security interest hereunder.

13.  **Good Faith Cooperation**.  The Parties shall cooperate with one another in
good faith and shall coordinate their activities with one another in respect of (a) all matters

concerning the implementation of this Agreement, (b) the Argo 45 Transaction, and, if applicable (c) the pursuit and support of the Sale Treatment.   Without limiting the foregoing, the Debtors shall consult with the CPBH Entities with respect to the matters contemplated hereby, including with respect to any consent required of the CPBH Entities. Furthermore, subject to the terms hereof, each of the Parties shall take such actions as may be reasonably necessary to carry out the purpose and intent of this Agreement, including making and filing any required documents, all of which shall be reasonably acceptable to the CPBH Entities and are subject to CPBH Entities' prior written approval, in furtherance of the Plan and/or in furtherance of the Sale Treatment, and shall refrain from taking any action that would frustrate the purpose or intent of this Agreement.  This Agreement is not, and shall not be deemed, a solicitation of votes for the acceptance of a chapter 11 plan or a solicitation to tender or exchange any securities. The acceptance of the Plan by the CPBH Entities will not be solicited until the Parties have received the disclosure statement and related ballots, as approved by the Court.

14.    **Notices**.  All Notices hereunder shall be deemed given if in writing and delivered by registered or certified mail, or by overnight courier, to the following addresses:

If to the Debtors:

Robert M. Gans
c/o Metropolitan Lumber, Hardware and
Building Supplies LLC
617 11th Avenue
New York, New York 10036

With a copy to Debtors' Counsel:

Leech Tishman Robinson Brog PLLC
875 Third Avenue, 9th Floor
New York, New York 10022
Attn: Fred B. Ringel

- 14 -

<u>and</u>

Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Attn: Robert M. Novick

<u>If to CPBH Entities</u>:

Clinton PB Holdings I LLC
Clinton PB Holdings II LLC
Clinton PB Holdings III LLC
c/o Extell Development Company
805 Third Avenue
New York, New York 10022
Attn: Gary Barnett

<u>and</u>

Princeton Real Estate Partners
745 Fifth Avenue, 31st Floor
New York, NY 10151
Attn: Joseph Tabak

<u>With a copy to CPBH Entities' Counsel</u>:

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: Adam C. Rogoff

15.    **Modifications to the Agreement**.  This Agreement shall not be waived, modified, altered, amended or vacated except by written consent of the Parties.  Any such waiver, modification, alteration, amendment or vacation in whole or in part shall be subject to approval of the Bankruptcy Court.

16.    **Counterparts**.  This Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an

original.  This Agreement may be executed by facsimile and/or email (in PDF) which shall have the same force and effect as an original signature.

17.    **Entire Agreement**.    This Agreement represents the entire agreement between the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

18.    **Governing Law/Jurisdiction**.    This Agreement and the rights and duties of the Parties hereunder shall be governed and construed, enforced and performed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law that would require the application of laws of another jurisdiction.  The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction over this Agreement and that any claims or causes of action arising out of or related in any manner to this Agreement shall be properly brought only before the Bankruptcy Court and each Party consents to the Bankruptcy Court's power to hear and determine all such claims as a core proceeding.

19.    **No Admission of Liability**.    This Agreement is in compromise of the disputes between CPBH Entities and the Gans Entities, and shall not be construed as an admission of liability or fault by CPBH Entities or the Gans Entities or any of their respective present or former directors, officers, employees or agents, which such liability is expressly denied.

20.    **Authorization**.    The person executing this Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

21.    **Representations**.  Each of the Parties hereby represents and acknowledges that it has had an opportunity to consult with its counsel regarding the terms of this Agreement, understands the terms of this Agreement, has entered into this Agreement freely of its own will,

and agrees to be bound to the terms of this Agreement.  Each of the Gans Entities, including Gans,
hereby represents and acknowledges that it has determined, in good faith and upon the advice of
its advisors, that (i) it understands the terms of this Agreement, and that entering into this
Agreement is consistent with its fiduciary duties and, to the extent such entity is (or becomes
hereunder) a Debtor in a chapter 11 case, is in the best interests of that Debtor's estate, and (ii) the
terms of the Plan set forth in this Agreement are in the best interests of the Debtors' estates
(including those entities that are to become chapter 11 debtors pursuant to this Agreement).
Without limitation on the foregoing, Gans represents that neither he, nor any of the entities that he
controls, including Gans Member, (i) have or assert any interest in the 533-535 West 27th Street
property and, to the best of his knowledge, there are no persons or entities with any claim to any
interest or right to occupy the property, and (ii) have conveyed to any person or entity any interest
or rights, including for example, through a lease or other right to possession, to the 533-535 West
27th Street property.

22.    **Mutual Draftsmanship**.  The Parties acknowledge and agree that the
drafting of this Agreement is a mutual effort among the parties and their counsel and that this
Agreement is not to be construed against any party as the drafter.

23.    **Severability**.   If any provision of this Agreement is invalid or
unenforceable, then, to the fullest extent permitted by law:  (i) the Parties shall attempt to agree
upon a valid and enforceable provision that is a reasonable substitute therefor, and upon so
agreeing shall incorporate such substitute provision into this Agreement; (ii) the other provisions
herein shall remain in full force and effect; and (iii) the invalidity or unenforceability of any
provisions hereof shall not affect the validity or enforceability of such other provisions.

24.     **Final Settlement**.  The Parties acknowledge and agree that this Agreement is being executed and delivered as a full and final settlement of the Allowed Claim and any and all other claims and disputes between the Parties.

25.     **Binding Effect/Assignments**.  This Agreement and each term hereof shall be binding upon and inure to the benefit of each of the Debtors, the Gans Entities, the CPBH Entities, and their respective heirs, legal representatives, predecessors, successors, and assigns; provided however, prior to the payment of the Settlement Amount, nothing herein shall permit an assignment, investment, joint venture or other transaction by Gans or any of the Gans Entities with respect to their beneficial financial interests in the Debtors and their assets.

26.    **<u>Headings</u>**.  The headings of paragraphs contained in this Agreement are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Agreement.

*[Remainder of page intentionally left blank.]*

**IN WITNESS THEREOF**, the Parties hereto have executed and delivered this

Agreement as of the date and year first above written.

Dated: New York, New York        Starlin LLC
September 8, 2022               610 West 46th Street Enterprises, Ltd.
                         RM Holdings Company Inc.
                         BRC Owners, L.P.
                         RG Mezz LLC
                         RG Mezz III LLC,
                         RG Mezz V LLC
                         RG Mezz VI LLC
                         175 Spring Street LLC
                         610 West 46th Street LLC
                         623 11th Avenue LLC
                         617 11th Avenue LLC
                         616 11th Avenue LLC
                         108 Merrick Boulevard LLC
                         613 11th Avenue LLC
                         609 11th Avenue LLC
                         616-620 West 46th Street LLC
                         Argo 45, LLC
                         533 West 27 Street Common Member LLC

                         By: _____
                         Name: Robert Gans
                         Title: Authorized Signatory

Dated: New York, New York
September 8, 2022

                         _____
                         Robert Gans, Individually

*[Signature Page]*

Dated: New York, New York
      September  8 , 2022

Clinton PB Holdings I LLC

By: _____
Name: Gary Barnett
Title:  Authorized Signatory


By: _____
Name: Joseph Tabak
Title:  Authorized Signatory


Dated: New York, New York
      September  8 , 2022

Clinton PB Holdings II LLC

By: _____
Name: Gary Barnett
Title: Authorized Signatory


By: _____
Name: Joseph Tabak
Title:  Authorized Signatory


Dated: New York, New York
      September  8 , 2022

Clinton PB Holdings III LLC

By: _____
Name: Gary Barnett
Title: Authorized Signatory


By: _____
Name: Joseph Tabak
Title:  Authorized Signatory


[*Signature Page*]

Dated: New York, New York      Clinton PB Holdings I LLC
     September 8, 2022

By: _____
Name: Gary Barnett
Title:  Authorized Signatory

By: _____
Name: Joseph Tabak
Title: Authorized Signatory

Dated: New York, New York      Clinton PB Holdings II LLC
     September 8, 2022

By: _____
Name: Gary Barnett
Title: Authorized Signatory

By: _____
Name: Joseph Tabak
Title:  Authorized Signatory

Dated: New York, New York      Clinton PB Holdings III LLC
     September 8, 2022

By: _____
Name: Gary Barnett
Title: Authorized Signatory

By: _____
Name: Joseph Tabak
Title:  Authorized Signatory

[*Signature Page*]

**EXHIBIT A**

**PAYOFF STATEMENTS**

| Senior and Mezzanine Loan Payoff | Mortgage Payoff | Mezzanine Payoff | Total |
|---|---|---|---|
| *For Payoff 09/06/22* | | | |
| *Loan Principal Amount* | $ 116,020,000 | $ 15,820,909 | $ 131,840,909 |
| *Plus: Additional Funding for Taxes per notice sent 5.5.22* | $ 5,303,183 | | $ 5,303,183 |
| *Plus: Additional Funding for Taxes per notice sent 6.28.22* | $ 1,378,749 | | $ 1,378,749 |
| *Plus: Nominal Interest (including on protective advances & on late charges)* | $ 27,457,139 | $ 3,579,874 | $ 31,037,013 |
| *Plus: Default Interest (including on protective advances & on late charges)* | $ 30,792,869 | $ 6,420,975 | $ 37,213,845 |
| *Plus: Accrued Interest (including on protective advances & on late charges)* | $ 15,964,259 | $ 3,773,798 | $ 19,738,057 |
| *Plus: Late Charges* | $ 257,552 | $ 12,929 | $ 270,481 |
| *Plus: Servicing Fees* | $ 32,383 | | $ 32,383 |
| *Plus: Exit Fee* | $ 580,100 | $ 79,105 | $ 659,205 |
| *Plus: Syndication Costs* | $ 100,000 | | $ 100,000 |
| *Plus: Third Party Legal Fees (*Per Last Received Bills - Final Amount Provided at Closing)* | $ 1,410,410 | $ 312,475 | $ 1,722,886 |
| **Total Amount Due** | **$ 199,296,645** | **$ 30,000,065** | **$ 229,296,710** |

The payoff amount listed herein does not include all professional fees and expenses reimbursable to the CPBH Entities, calculation of interest or other obligations as set forth in the Settlement
Agreement, including the loan relating to the Argo 45 Option Purchase Price, which amounts will increase payoff of the CPBH Entities' Allowed Claim.

| Preferred Equity Return | Preferred Equity Return |
|---|---|
| *For Return 09/06/22* | |
| *Principal Amount* | $ 5,000,000 |
| *Plus: Accrued & Default Return (net of credit bid)* | $ 2,933,333 |
| **Total Amount Due** | **$ 7,933,333** |

The payoff amount listed herein does not include all professional fees and expenses reimbursable to the CPBH Entities, calculation of interest or other obligations as set forth in the Settlement Agreement, including the loan relating to the Argo 45 Option Purchase Price, which amounts will increase payoff of the CPBH Entities' Allowed Claim.

| Senior and Mezzanine Loan Payoff | Mortgage Payoff | Mezzanine Payoff | Total |
|---|---|---|---|
| *For Payoff 12/22/22* | | | |
| *Loan Principal Amount* | $ 116,020,000 | $ 15,820,909 | $ 131,840,909 |
| *Plus: Additional Funding for Taxes per notice sent 5.5.22* | $ 5,303,183 | | $ 5,303,183 |
| *Plus: Additional Funding for Taxes per notice sent 6.28.22* | $ 1,378,749 | | $ 1,378,749 |
| *Plus: Nominal Interest (including on protective advances & on late charges)* | $ 31,059,184 | $ 4,044,313 | $ 35,103,497 |
| *Plus: Default Interest (including on protective advances & on late charges)* | $ 34,439,843 | $ 7,085,094 | $ 41,524,937 |
| *Plus: Accrued Interest (including on protective advances & on late charges)* | $ 20,598,664 | $ 4,812,090 | $ 25,410,754 |
| *Plus: Late Charges* | $ 257,552 | $ 12,929 | $ 270,481 |
| *Plus: Servicing Fees* | $ 32,383 | | $ 32,383 |
| *Plus: Exit Fee* | $ 580,100 | $ 79,105 | $ 659,205 |
| *Plus: Syndication Costs* | $ 100,000 | | $ 100,000 |
| *Plus: Third Party Legal Fees (\*Per Last Received Bills - Final Amount Provided at Closing)* | $ 1,410,410 | $ 312,475 | $ 1,722,886 |
| **Total Amount Due** | **$ 211,180,070** | **$ 32,166,915** | **$ 243,346,985** |

The payoff amount listed herein does not include all professional fees and expenses reimbursable to the CPBH Entities, calculation of interest or other obligations as set forth in the Settlement Agreement, including the loan relating to the Argo 45 Option Purchase Price, which amounts will increase payoff of the CPBH Entities' Allowed Claim.

| Preferred Equity Return | Preferred Equity Return |
|---|---|
| *For Return 12/22/22* | |
| *Principal Amount* | $ 5,000,000 |
| *Plus: Accrued & Default Return (net of credit bid)* | $ 3,290,000 |
| **Total Amount Due** | **$ 8,290,000** |

The payoff amount listed herein does not include all professional fees and expenses reimbursable to the CPBH Entities, calculation of interest or other obligations as set forth in the Settlement Agreement, including the loan relating to the Argo 45 Option Purchase Price, which amounts will increase payoff of the CPBH Entities' Allowed Claim.

**EXHIBIT B**
**STIPULATION TEMPORARILY STAYING THE FORECLOSURE ACTION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CLINTON PB HOLDINGS I LLC,

              Plaintiff,

          - against -

WESTSIDE REALTY OF NEW YORK, INC.; 175 SPRING
STREET LLC; 610 WEST 46TH STREET LLC; 616-620 WEST
46TH STREET LLC; 616 11TH AVENUE LLC; 609 11TH
AVENUE LLC; 613 11TH AVENUE LLC; 617 11TH AVENUE
LLC; 623 11TH AVENUE LLC; 108 MERRICK BOULEVARD
LLC; ROBERT M. GANS; MITCHELL REALTY LLC; KAZ
SYSTEMS, INC.; GO WEST ENTERTAINMENT, INC.;
METROPOLITAN LUMBER, HARDWARE & BUILDING
SUPPLIES, INC.; IMPERIAL CLUB LLC; STEVEN &
FRANCINE'S COMPLETE AUTOMOTIVE REPAIR, INC.;
STATE OF NEW YORK DEPARTMENT OF TAXATION AND
FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE;
NEW YORK CITY CRIMINAL COURT; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY
WATER BOARD; and "JOHN DOES 1-100" (the latter names
being fictitious and unknown to the plaintiff but intending to
designate tenants residing at or persons or entities having an
interest in the premises described in the Complaint herein),

              Defendants.

---

175 SPRING STREET LLC; 610 WEST 46TH STREET LLC;
616-620 WEST 46TH STREET LLC; 616 11TH AVENUE LLC;
609 11TH AVENUE LLC; 613 11TH AVENUE LLC; 617 11TH
AVENUE LLC; 623 11TH AVENUE LLC; 108 MERRICK
BOULEVARD LLC; 533 WEST 27 STREET COMMON
MEMBER LLC; and ROBERT M. GANS,

              Counterclaim Plaintiffs,

          - against -

CMTG LENDER 23 LLC,

              Counterclaim Defendant.

---

Index No. 850241/2021

**STIPULATION AND
[PROPOSED] ORDER
TEMPORARILY
STAYING ACTION**

Assigned to
Justice Melissa A. Crane
Commercial Division Part
60

**WHEREAS**, original plaintiff CMTG Lender 23 LLC ("Original Plaintiff") filed a Summons and Complaint for Foreclosure on October 14, 2021 against each of the above captioned defendants, including defendants 175 Spring Street LLC, 610 West 46th Street LLC, 616-620 West 46th Street LLC. 616 11th Avenue LLC; 609 11th Avenue LLC, 613 11th Avenue LLC, 617 11th Avenue LLC, 623 11th Avenue LLC, 108 Merrick Boulevard LLC, Mitchell Realty LLC, Metropolitan Lumber, Hardware & Building Supplies, Inc. and Robert M. Gans (collectively, the "Gans Defendants");

**WHEREAS**, by Decision + Order on Motion on August 18, 2022 (NYSCEF Doc. No. 81) (the "Court's Order"), the Court granted the motion to substitute Clinton PB Holdings I LLC ("Clinton PB") as the named plaintiff in the above-captioned action and granted the Gans Defendants leave to file and serve an amended answer by September 8, 2022;

**WHEREAS**, the Court scheduled a Preliminary Conference for September 15, 2022;

**WHEREAS**, Clinton PB and the Gans Defendants, and each of their affiliates, have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in the Settlement Agreement dated as of September 8, 2022 (the "Settlement Agreement"), which Settlement Agreement remains subject to the approval of the United States Bankruptcy Court for the Southern District of New York;

**WHEREAS**, pursuant to the Settlement Agreement, the parties agreed to the filing of this stipulation providing, with the Court's permission, for a stay of this action pending either (i) the filing of a stipulation of discontinuance, or (ii) resumption of proceedings in this action in the event of any default by the Gans Defendants and their affiliates (collectively, the "Gans Entities") under the Settlement Agreement;

**IT IS NOW THEREFORE STIPULATED AND AGREED**, by and between

undersigned counsel for Clinton PB and the Gans Defendants:

1.      The above-referenced action, and all proceedings and deadlines therein, including with respect to discovery, are temporarily stayed to enable the parties to consummate the terms of Settlement Agreement.  Upon full consummation of the terms of the Settlement Agreement, the parties will file a stipulation of discontinuance;

2.      Alternatively, in the event that any of the Gans Entities defaults under any of the covenants or obligations contained in the Settlement Agreement, upon notice by Clinton PB to the Court of such default, the Court shall lift the aforementioned stay. Upon lifting of the stay, the Gans Defendants' response to the complaint pursuant to the Court's Order shall be due thirty days after the filing thereof.  Without prejudice to Clinton PB's right under CPLR 3025 to seek leave to amend the complaint, the parties stipulate and agree that Clinton PB shall have the right to amend the complaint to add Argo 45, LLC as a named defendant and to seek to foreclose on the property located at 605 West 45th Street, New York, New York (Block 1093, Lot 28), and that any such amended complaint shall be filed within thirty days after the court lifts the stay; and

3.      This stipulation may be signed in counterparts and an executed PDF or facsimile copy of this stipulation shall be deemed to have the same force and effect as a signed original.

Dated:      New York, New York
            September [__], 2022

FRIED, FRANK, HARRIS, SHRIVER      *KASOWITZ BENSON TORRES LLP*
   & JACOBSON LLP

By: _____      *By:* _____

      Emilie B. Cooper                  *Paul M. O'Connor III*
      Shira D. Sandler                *Jennifer M. McDougall*

One New York Plaza               *1633 Broadway*
New York, NY 10004-1980      *New York, New York 10019*
(212) 859-8000                  *(212) 506-1700*

*Attorneys for Plaintiff*          *Attorneys for Defendants 175 Spring Street*
*Clinton PB Holdings I LLC*     *LLC, 610 West 46th Street LLC, 616-620 West*
                                         *46th Street LLC, 616 11th Avenue LLC, 609 11th*
                                         *Avenue LLC, 613 11th Avenue LLC, 617 11th*
                                         *Avenue LLC, 623 11th Avenue LLC, 108*
                                         *Merrick Boulevard LLC, Robert M Gans,*
                                         *Mitchell Realty LLC and Metropolitan Lumber,*
                                         *Hardware & Building Supplies, Inc.*

SO ORDERED:

E N T E R:

_____
              J.S.C.

**EXHIBIT C**
**STIPULATION TEMPORARILY STAYING THE ARGO 45 ACTION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CLINTON PB HOLDINGS I LLC, | Index No.: 652059/2022 |
| Plaintiff, | |
| - against - | Motion Seq. No. 002 |
| 175 SPRING STREET LLC; 610 WEST 46TH STREET LLC; 616-620 WEST 46TH STREET LLC; 616 11TH AVENUE LLC; 609 11TH AVENUE LLC; 613 11TH AVENUE LLC; 617 11TH AVENUE LLC; 623 11TH AVENUE LLC; 108 MERRICK BOULEVARD LLC; ROBERT M. GANS; SA WATERFRONT REALTY INC.; ARGO 45, LLC; "JOHN DOES 1-10" (the latter names being fictitious and unknown to the plaintiff but intending to designate tenants, occupants or other persons or entities who may be in possession of, or have a possessory interest in, the premises described in the Complaint herein), | **STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING ACTION**<br><br>Assigned to<br>Justice Melissa A. Crane<br>Commercial Division Part 60 |
| Defendants. | |

**WHEREAS,** on May 2, 2022, plaintiff Clinton PB Holdings I LLC ("Clinton PB") filed a Summons and Complaint (NYSCEF Doc. No. 1) (the "Original Complaint") in this action;

**WHEREAS**, the Court entered a Preliminary Conference Order dated May 23, 2022 (NYSCEF Doc. No. 24) governing the discovery schedule in this action;

**WHEREAS**, on June 24, 2022, defendants 175 Spring Street LLC, 610 West 46th Street LLC, 616-620 West 46th Street LLC, 616 11th Avenue LLC, 609 11th Avenue LLC, 613 11th Avenue LLC, 617 11th Avenue LLC, 623 11th Avenue LLC, 108 Merrick Boulevard LLC, Robert M. Gans, and Argo 45, LLC (together, the "Gans Defendants") filed a motion to dismiss the Original Complaint in the above-captioned action (NYSCEF Doc. No. 26) (the "Initial Motion to Dismiss") (Mot. Seq. No. 001),

1

**WHEREAS**, on July 27, 2022, plaintiff Clinton PB Holdings I LLC ("Clinton PB") filed an amended complaint (NYSCEF Doc. No. 33) (the "Amended Complaint") in the above-captioned action, and the Gans Defendants thereafter withdrew their Initial Motion to Dismiss;

**WHEREAS**, on August 30, 2022, the Gans Defendants filed a motion to dismiss the Amended Complaint (the "Motion to Dismiss") (NYSCEF Doc. Nos. 47-54) (Mot. Seq. No. 002);

**WHEREAS**, SA Waterfront Realty Inc., despite having been served, has not appeared in this action;

**WHEREAS**, Clinton PB, the Gans Defendants, and each of their affiliates, have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in the Settlement Agreement dated as of September 8, 2022 (the "Settlement Agreement"), which Settlement Agreement remains subject to the approval of the United States Bankruptcy Court for the Southern District of New York;

**WHEREAS**, pursuant to the Settlement Agreement, the parties agreed to the filing of this stipulation providing, with the Court's permission, for a stay of this action pending either (i) the filing of a stipulation of discontinuance, or (ii) resumption of proceedings in this action in the event of any default by the Gans Defendants or their affiliates (collectively, the "Gans Entities") under the Settlement Agreement;

**IT IS NOW THEREFORE STIPULATED AND AGREED**, by and between undersigned counsel for Clinton PB and the Gans Defendants:

1.    The above-referenced action, and all proceedings and deadlines therein, including with respect to discovery, are temporarily stayed to enable the parties to consummate the terms of Settlement Agreement, and the Gans Defendants agree to withdraw their Motion to Dismiss (Mot. Seq. No. 002).  Upon full consummation

of the terms of the Settlement Agreement, the parties will file a stipulation of
discontinuance;

2.      Alternatively, in the event that any of the Gans Entities defaults under any of the
covenants or obligations contained in the Settlement Agreement, upon notice by
Clinton PB to the Court of such default, the Court shall lift the aforementioned stay.
Upon lifting of the stay, the Gans Defendants are permitted to refile the Motion to
Dismiss, and any response to the Motion to Dismiss shall be due thirty days after
the filing thereof; and

3.      This stipulation may be signed in counterparts and an executed PDF or facsimile
copy of this stipulation shall be deemed to have the same force and effect as a signed
original.

Dated:      New York, New York
            September [__], 2022

FRIED, FRANK, HARRIS, SHRIVER            KASOWITZ BENSON TORRES LLP
   & JACOBSON LLP

By: _____         By: _____
        Emilie B. Cooper                        Paul M. O'Connor III
        Shira D. Sandler                        Jennifer M. McDougall

One New York Plaza                       1633 Broadway
New York, NY 10004-1980                  New York, New York 10019
(212) 859-8000                           (212) 506-1700

*Attorneys for Plaintiff*                *Attorneys for Defendants 175 Spring Street*
*Clinton PB Holdings I LLC*              *LLC, 610 West 46th Street LLC, 616-620 West*
                                         *46th Street LLC, 616 11th Avenue LLC, 609 11th*
                                         *Avenue LLC, 613 11th Avenue LLC, 617 11th*
                                         *Avenue LLC, 623 11th Avenue LLC, 108*
                                         *Merrick Boulevard LLC, Robert M Gans, and*
                                         *Argo 45, LLC*

3

SO ORDERED:


E N T E R:


_____
J.S.C.

**EXHIBIT D**
**STIPULATION TEMPORARILY STAYING**
**THE FRAUDULENT CONVEYANCE ACTION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CLINTON PB HOLDINGS I LLC and CLINTON PB HOLDINGS II LLC, <br><br> Plaintiffs, <br><br> - against - <br><br> ROBERT GANS and CAREN GANS <br><br> Defendants. | Index No. 656967/2022 <br><br> **STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING ACTION** <br><br> Assigned to <br> Justice Melissa A. Crane <br> Commercial Division Part 60 |

**WHEREAS,** on June 24, 2022, plaintiffs Clinton PB Holdings I LLC and Clinton PB Holdings II LLC (collectively, "Plaintiffs") filed a Summons and Complaint (NYSCEF Doc. No. 1) (the "Complaint") in this action;

**WHEREAS**, on June 24, 2022, defendants Robert Gans ("Gans") and Caren Gans (collectively, the "Defendants") filed a motion to dismiss the Complaint (NYSCEF Doc. No. 31) (the "Motion to Dismiss") (Mot. Seq. No. 001),

**WHEREAS**, the Court entered a Preliminary Conference Order dated August 8, 2022 (NYSCEF Doc. No. 30) governing the discovery schedule in this action;

**WHEREAS**, Plaintiffs, their affiliates, Gans, and certain entities that Gans owns and controls, have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in the Settlement Agreement dated as of September 8, 2022 (the "Settlement Agreement"), which Settlement Agreement remains subject to the approval of the United States Bankruptcy Court for the Southern District of New York;

**WHEREAS**, pursuant to the Settlement Agreement, the parties agreed to the filing of this stipulation providing, with the Court's permission, for a stay of this action pending either (i) the filing of a stipulation of discontinuance, or (ii) resumption of proceedings in this action in the event

of any default by Gans and the entities that he owns and controls (collectively, the "Gans Entities")

under the Settlement Agreement;

**IT IS NOW THEREFORE STIPULATED AND AGREED**, by and between

undersigned counsel for Plaintiffs and Defendants:

1.  The above-referenced action, and all proceedings and deadlines therein, including

    with respect to discovery, are temporarily stayed to enable the parties to

    consummate the terms of Settlement Agreement, and the Defendants agree to

    withdraw their Motion to Dismiss (Mot. Seq. No. 001). Upon full consummation

    of the terms of the Settlement Agreement, the parties will file a stipulation of

    discontinuance;

2.  Alternatively, in the event that any of the Gans Entities defaults under any of the

    covenants or obligations contained in the Settlement Agreement, upon notice by

    Plaintiffs to the Court of such default, the Court shall lift the aforementioned stay.

    Upon lifting of the stay, the Defendants are permitted to refile the Motion to

    Dismiss, and any response to the Motion to Dismiss shall be due thirty days after

    the filing thereof; and

3.  This stipulation may be signed in counterparts and an executed PDF or facsimile

    copy of this stipulation shall be deemed to have the same force and effect as a signed

    original.

Dated:      New York, New York
            September [__], 2022

FRIED, FRANK, HARRIS, SHRIVER            KASOWITZ BENSON TORRES LLP
   & JACOBSON LLP

By: _____            By: _____
      Emilie B. Cooper                            Paul M. O'Connor III
      Shira D. Sandler                            Jennifer M. McDougall

One New York Plaza                      1633 Broadway
New York, NY 10004-1980                 New York, New York 10019
(212) 859-8000                          (212) 506-1700

*Attorneys for Plaintiffs*               *Attorneys for Defendants Robert Gans and*
*Clinton PB Holdings I LLC and Clinton PB*   *Caren Gans*
*Holdings II LLC*


SO ORDERED:


                    E N T E R :


                    _____
                        J.S.C.

**EXHIBIT E**
**CONFESSION OF JUDGMENT UNDER THE**
**MORTGAGE LOAN GUARANTY OF RECOURSE OBLIGATIONS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CLINTON PB HOLDINGS I LLC

                                          Plaintiff,

        - against -

ROBERT GANS

                                          Defendant.

---

Index No. _____

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

**ROBERT GANS**, being duly sworn, deposes and says:

1.      I, Robert Gans, an individual over the age of eighteen years, submit this Affidavit in Support of Confession of Judgment for the purpose of confessing to the entry of a judgment against me, in favor of Clinton PB Holdings I LLC ("Mortgage Lender"), a Delaware limited liability company having an address of c/o Extell Development Company, 805 Third Avenue, 7th Floor, New York, New York 10022.

2.      At the time of execution of this affidavit, I am a resident of New York County, residing at 60 East End Avenue, Apartment 4D, New York, New York 10021.

3.      On September 8, 2022, I entered into a Settlement Agreement with Mortgage Lender, Clinton PB Holdings II LLC and Clinton PB Holdings III LLC (collectively, the "CPBH Entities"), on behalf of myself as well as Starlin LLC, 610 West 46th Street Enterprises, Ltd., RM Holdings Company Inc., BRC Owners, L.P., RG Mezz LLC, RG Mezz III LLC, RG Mezz V LLC, RG Mezz VI LLC, 175 Spring Street LLC, 610 West 46th Street LLC,

623 11th Avenue LLC, 617 11th Avenue LLC, 616 11th Avenue LLC, 108 Merrick Boulevard

LLC, 613 11th Avenue LLC, 609 11th Avenue LLC, 616-620 West 46th Street LLC, 533 West 27

Street Common Member LLC, and Argo 45 LLC, which are all entities that I own and/or control

(collectively, the "Gans Entities").

       4.      Pursuant to that Settlement Agreement, I agreed to provide this Affidavit of

Confession of Judgment.

       5.      This confession of judgment is for a debt justly due to Mortgage Lender

arising from the following facts:

      a.      On September 21, 2018, CMTG Lender 23 LLC ("Original Mortgage Lender") entered into a mortgage loan agreement with certain entities that I owned and controlled, including 175 Spring Street LLC, 610 West 46th Street LLC, 616-620 West 46th Street LLC, 616 11th Avenue LLC, 609 11th Avenue LLC, 613 11th Avenue LLC, 617 11th Avenue LLC, 623 11th Avenue LLC, and 108 Merrick Boulevard LLC (collectively, "Mortgage Borrowers") pursuant to which Original Mortgage Lender extended a loan to Mortgage Borrowers (the "Mortgage Loan");

      b.      Also on September 21, 2018, I executed the Mortgage Loan Recourse Guaranty of Recourse Obligations (the "Recourse Guaranty") in favor of Original Mortgage Lender;

      c.      Pursuant to the Recourse Guaranty, I agreed that I would be liable for all amounts due under the Mortgage Loan Agreement (the "Debt") upon the occurrence of certain events (each, a "Recourse Event");

      d.      In January 2020, Mortgage Borrowers defaulted under the Mortgage Loan Agreement;

      e.      Thereafter, a Recourse Event occurred under the Recourse Guaranty;

      f.      As a result of the Recourse Event, I became liable for the full amount of the Debt;

2

g.    I hereby acknowledge that, as of September 6, 2022, the amount of the Debt is $199,296,645.00, which amount is comprised of approximately (i) $116,020,000.00 in principal, (ii) $6,681,932.00 in protective advances, (iii) $74,214,267.00 in accrued and default interest, (iv) $257,552.00 in late charges, (v) $32,383.00 in servicing fees, (vi) $580,100.00 in exit fees, (vii) $100,000.00 in syndication costs, and (viii) $1,410,410.00 in third-party legal fees. I admit and expressly acknowledge that the foregoing amounts (other than principal) will continue to accrue up to the date that judgment is entered in this action;

h.    As of the date hereof, the Debt has not been paid;

i.    Original Mortgage Lender assigned its rights under the Mortgage Loan Agreement and the Recourse Guaranty, among other things, to Mortgage Lender, and Mortgage Lender is owed the Debt;

j.    If I or the Gans Entities default under the Settlement Agreement, I have irrevocably authorized Mortgage Lender to file this affidavit of confession of judgment, and authorized entry of judgment against me, in favor of Mortgage Lender, in the Judgment Amount set forth below; and

k.    This confession of judgment is contingent upon the occurrence of a default by me or the Gans Entities under the Settlement Agreement. Only upon such a default will this confession of judgment become operative.

6.    If I or any of the Gans Entities default under the Settlement Agreement, I hereby irrevocably confess judgment and authorize the entry thereof in New York County against me, and in favor of Mortgage Lender, without any further notice in the amount of $_____ (the "Judgment Amount"). This sum represents (a) the unpaid principal balance on the Mortgage Loan in the amount of $_____ (the "Principal Balance"); (b) protective advances in the amount of $_____; (c) accrued and unpaid interest (including but not limited to on the Principal Balance at the "Default Rate" beginning on January 20, 2020, and continuing day-to-day thereafter) in the amount of $_____; (d) late charges in the amount of $_____; (e) servicing fees in the amount of $_____; (f) exit fees in the amount of

3

$_____; (g) syndication costs in the amount of $100,000.00; and (h) third party legal

fees and expenses in the amount of $_____ as of _____, 20__, as well as any legal

fees and expenses incurred thereafter in connection with enforcement of any judgment.

7.      I admit and expressly acknowledge that the interest, late charges, and legal

fees and expenses, are as of the date(s) listed therein, and that such sums will continue to accrue

up to the date that judgment is entered in this matter.

8.      The amount confessed to herein does not exceed the amount of liability set

forth in the Mortgage Loan Agreement and Recourse Guaranty.

9.      If I or the Gans Entities default under the Settlement Agreement, I hereby

irrevocably authorize Mortgage Lender, its representatives, attorneys and/or agents to:

(a) complete this Affidavit in Support of Confession of Judgment by filling in paragraph 6 hereof

with the Debt then due in accordance with the terms of the Mortgage Loan as the Judgment

Amount; (b) file this Affidavit in Support of Confession of Judgment with any court of competent

jurisdiction within the State of New York without further notice to me or Mortgage Borrowers;

and (c) enter and execute judgment thereon.  I further agree that Mortgage Lender's determination

of such Debt then due in accordance with the terms of the Mortgage Loan Agreement shall be

binding upon me.  I hereby waive any and all objections to the calculation of the Debt and

Judgment Amount.

10.     I hereby expressly waive any event, occurrence, or circumstance which may

otherwise constitute a legal or equitable defense to liability, the amount of any judgment, or the

right to enter judgment, and waive any and all defenses I may otherwise be able to assert as a

defense to payment, including but not limited to any claim or defense of fraud in the inducement,

all of which defenses I hereby expressly waive.

4

11.     I acknowledge that I am subject to personal jurisdiction in the State of New

York in connection with this Affidavit in Support of Confession of Judgment, I hereby consent to

the jurisdiction of any court of competent jurisdiction within the State of New York, and I hereby

waive any defense I may otherwise have concerning lack of jurisdiction or improper venue.

12.     I make this Affidavit of Confession of Judgment upon the advice of counsel,

with full knowledge and understanding of the import and potential consequences of the statements

contained herein and make this Affidavit of Confession of Judgment under my own free will and

free of any duress.

13.     This confession of judgment is not for the purpose of securing Mortgage

Lender against a contingent liability and is not an installment loan within the prohibition of

CPLR 3201.

ROBERT GANS

Sworn to before me this
[7]th day of September, 2022

Notary Public

RON A. CURRIE
Notary Public, State of New York
No. 01CU6084826
Qualified in New York County
Commission Expires Dec. 16, 2022

**EXHIBIT F**
**CONFESSION OF JUDGMENT UNDER THE**
**MEZZANINE LOAN GUARANTY OF RECOURSE OBLIGATIONS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CLINTON PB HOLDINGS II LLC

                                    Plaintiff,

        - against -

ROBERT GANS

                                    Defendant.

---

Index No. _____

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

STATE OF NEW YORK          )
                           )    ss.:
COUNTY OF NEW YORK         )

**ROBERT GANS**, being duly sworn, deposes and says:

1.      I, Robert Gans, an individual over the age of eighteen years, submit this
Affidavit in Support of Confession of Judgment for the purposes of confessing to the entry of a
judgment against me, in favor of Clinton PB Holdings II LLC ("Mezzanine Lender"), a Delaware
limited liability company having an address c/o Extell Development Company, 805 Third Avenue,
7th Floor, New York, New York 10022.

2.      At the time of execution of this affidavit, I am a resident of New York
County, residing at 60 East End Avenue, Apartment 4D, New York, New York 10021.

3.      On September 8, 2022, I entered into a Settlement Agreement with
Mezzanine Lender, Clinton PB Holdings I LLC and Clinton PB Holdings III LLC (collectively,
the "CPBH Entities"), on behalf of myself as well as Starlin LLC, 610 West 46th Street
Enterprises, Ltd., RM Holdings Company Inc., BRC Owners, L.P., RG Mezz LLC, RG Mezz III

LLC, RG Mezz V LLC, RG Mezz VI LLC, 175 Spring Street LLC, 610 West 46th Street LLC,

623 11th Avenue LLC, 617 11th Avenue LLC, 616 11th Avenue LLC, 108 Merrick Boulevard

LLC, 613 11th Avenue LLC, 609 11th Avenue LLC, 616-620 West 46th Street LLC, 533 West 27

Street Common Member LLC, and Argo 45 LLC, which are all entities that I own and/or control

(collectively, the "Gans Entities").

    4.    Pursuant to that Settlement Agreement, I agreed to provide this Affidavit of
Confession of Judgment.

    5.    This confession of judgment is for a debt justly due to Mezzanine Lender
arising from the following facts:

    a.    On September 21, 2018, Midtown West Portfolio Lender LLC ("Original Mezzanine Lender") entered into a mezzanine loan agreement (the "Mezzanine Loan Agreement") with certain entities that I owned and/or controlled, including Starlin LLC, RG Mezz LLC, 610 West 46th Street Enterprises, Ltd., RM Holdings Company, Inc., RG Mezz VI LLC, RG Mezz V LLC, BRC Owners, L.P., and RG Mezz III LLC (collectively, "Mezzanine Borrowers"), pursuant to which Original Mezzanine Lender extended a loan to Mezzanine Borrowers (the "Mezzanine Loan");

    b.    Also on September 21, 2018, I executed a Mezzanine Loan Guaranty of Recourse Obligations (the "Recourse Guaranty") in favor of Original Mezzanine Lender;

    c.    Pursuant to the Recourse Guaranty, I agreed that I would be liable for all amounts due under the Mezzanine Loan Agreement (the "Debt") upon the occurrence of certain events (each, a "Recourse Event");

    d.    In January 2020, Mezzanine Borrowers defaulted under the Mezzanine Loan Agreement;

    e.    Thereafter, a Recourse Event occurred under the Recourse Guaranty;

    f.    As a result of the Recourse Event, I became liable for the full amount of the Debt;

2

g.     I hereby acknowledge that, as of September 6, 2022, the amount of the Debt is $30,000,065.00, which amount is comprised of approximately (i) $15,820,909.00 in principal, (ii) $13,774,647.00 in accrued and default interest, (iii) $12,929.00 in late charges, (iv) $79,105.00 in exit fees, and (v) $312,475.00 in third-party legal fees. I admit and expressly acknowledge that the foregoing amounts (other than principal) will continue to accrue up to the date that judgment is entered in this action.

h.     As of the date hereof, the Debt has not been paid;

i.     Original Mezzanine Lender has validly assigned its rights under and to the Mezzanine Loan Agreement and the Recourse Guaranty, among other things, to Mezzanine Lender, and Mezzanine Lender is owed the Debt;

j.     If I or the Gans Entities default under the Settlement Agreement, I have irrevocably authorized Mezzanine Lender to file this affidavit of confession of judgment, and authorized entry of judgment against me, in favor of Mezzanine Lender, in the Judgment Amount set forth below; and

k.     This confession of judgment is contingent upon the occurrence of a default by me or the Gans Entities under the Settlement Agreement. Only upon such a default will this confession of judgment become operative.

6.     If I or any of the Gans Entities default under the Settlement Agreement, I hereby irrevocably confess judgment and authorize the entry thereof in New York County against me, and in favor of Mezzanine Lender, without any further notice in the amount of $_____ (the "Judgment Amount"). This sum represents (a) the unpaid principal balance on the Mezzanine Loan in the amount of $_____ (the "Principal Balance"), (b) accrued and unpaid interest (including but not limited to on the Principal Balance at the "Default Rate" beginning on January 20, 2020, and continuing day-to-day thereafter), (c) late charges in the amount of $_____; (d) exit fees in the amount of $_____; and (e) legal fees and expenses in the amount of $_____ as of _____ __, 20__, as well as any legal fees and expenses incurred thereafter in connection with enforcement of any judgment.

3

7.    I admit and expressly acknowledge that the interest, late charges, and legal fees and expenses, are as of the date(s) listed therein, and that such sums will continue to accrue up to the date that judgment is entered in this matter.

8.    The amount confessed to herein does not exceed the amount of liability set forth in the Mezzanine Loan Agreement and Recourse Guaranty.

9.    If I or the Gans Entities default under the Settlement Agreement, I hereby irrevocably authorize Mezzanine Lender, its representatives, attorneys and/or agents to: (a) complete this Affidavit in Support of Confession of Judgment by filling in paragraph [#] hereof with the Debt then due in accordance with the terms of the Mezzanine Loan as the Judgment Amount; (b) file this Affidavit in Support of Confession of Judgment with any court of competent jurisdiction within the State of New York without further notice to me or Mezzanine Borrowers; and (c) enter and execute judgment thereon. I further agree that Mezzanine Lender's determination of such Debt then due in accordance with the terms of the Mezzanine Loan Agreement and shall be binding upon me. I hereby waive any and all objections to the calculation of the Debt and Judgment Amount.

10.    I hereby waive any event, occurrence, or circumstance which may otherwise constitute a legal or equitable defense to liability, the amount of any judgment, or the right to enter judgment, and waive any and all defenses I may otherwise be able to assert as a defense to payment, including but not limited to any claim or defense of fraud in the inducement, all of which defenses I hereby expressly waive.

11.    I acknowledge that I am subject to personal jurisdiction in the State of New York in connection with this Affidavit in Support of Confession of Judgment, and I hereby consent

4

to the jurisdiction of any court of competent jurisdiction within the State of New York and I hereby

waive any defense I may otherwise have concerning lack of jurisdiction or improper venue.

12.     I make this Affidavit of Confession of Judgment upon the advice of counsel,

with full knowledge and understanding of the import and potential consequences of the statements

contained herein and make this Affidavit of Confession of Judgment under my own free will and

free of any duress.

13.     This confession of judgment is not for the purpose of securing Mezzanine

Lender against a contingent liability and is not an installment loan within the prohibition of

CPLR 3201.

ROBERT GANS

Sworn to before me this
[ 9 ]th day of September, 2022

Notary Public

RON A. CURRIE
Notary Public, State of New York
No. 01CU6084826
Qualified in New York County
Commission Expires Dec. 16, 2022

5

**EXHIBIT G**
**CONFESSION OF JUDGMENT UNDER THE**
**NON-RECOURSE CARVE-OUT GUARANTY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLINTON PB HOLDINGS III LLC

Plaintiff,

- against -

ROBERT GANS

Defendant.

Index No. _____

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

**ROBERT GANS**, being duly sworn, deposes and says:

1.      I, Robert Gans, an individual over the age of eighteen years, submit this Affidavit in Support of Confession of Judgment for the purpose of confessing to the entry of a judgment against me, in favor of Clinton PB Holdings III LLC ("Pref Member"), a Delaware limited liability company having an address of c/o Extell Development Company, 805 Third Avenue, 7th Floor, New York, New York 10022.

2.      At the time of execution of this affidavit, I am a resident of New York County, residing at 60 East End Avenue, Apartment 4D, New York, New York 10021.

3.      On September 8, 2022, I entered into a Settlement Agreement with Pref Member, Clinton PB Holdings I LLC and Clinton PB Holdings II LLC (collectively, the "CPBH Entities"), on behalf of myself as well as Starlin LLC, 610 West 46th Street Enterprises, Ltd., RM Holdings Company Inc., BRC Owners, L.P., RG Mezz LLC, RG Mezz III LLC, RG Mezz V LLC, RG Mezz VI LLC, 175 Spring Street LLC, 610 West 46th Street LLC, 623 11th

Avenue LLC, 617 11th Avenue LLC, 616 11th Avenue LLC, 108 Merrick Boulevard LLC, 613 11th Avenue LLC, 609 11th Avenue LLC, 616-620 West 46th Street LLC, 533 West 27 Street Common Member LLC, and Argo 45 LLC, which are all entities that I own and/or control (collectively, the "Gans Entities").

      4.    Pursuant to that Settlement Agreement, I agreed to provide this Affidavit of Confession of Judgment.

      5.    This confession of judgment is for a debt justly due to Pref Member arising from the following facts:

    a.    On June 8, 2018, 533 West 27 Street Common Member LLC ("Common Member") and 534 West 28th Pref LLC ("Initial Pref Member") entered into an Amended and Restated Operating Agreement (as the same was amended from time to time, the "Operating Agreement") of 533 West 27 Street JV LLC (the "Affiliate JV"), pursuant to which Initial Pref Member made a preferred equity investment of $5 million (the "Pref Loan") in the Affiliate JV;

    b.    Also on June 8, 2018, I executed the Non-Recourse Carve-Out Guaranty (the "Recourse Guaranty") in favor of Initial Pref Member;

    c.    Pursuant to the Recourse Guaranty, I agreed that I would be liable for all amounts due under the Operating Agreement (the "Debt") upon the occurrence of certain events (each, a "Recourse Event");

    d.    On October 14, 2021, the original mortgage lender commenced a foreclosure action (the "Foreclosure Action") in the Supreme Court of New York, New York County;

    e.    The filing of the Foreclosure Action constituted a Recourse Event occurred under the Recourse Guaranty;

    f.    As a result of the Recourse Event, I became liable for the full amount of the Debt;

2

g.      I hereby acknowledge that, as of September 6, 2022, the amount of the Debt due and owing under the Recourse Guaranty is $7,933,333.00, which amount is comprised of approximately (i) $5,000,000.00 in principal and (ii) $2,933,333.00 in return. I admit and expressly acknowledge that the foregoing return amount will continue to accrue up to the date that judgment is entered in this action;

h.      As of the date hereof, the Debt has not been paid;

i.      Initial Pref Member has validly assigned its rights under and to the Amended and Restated Operating Agreement and the Non-Recourse Carve-Out Guaranty, among other things, to Pref Member, and Pref Member is owed the Debt;

j.      If I or the Gans Entities default under the Settlement Agreement, I have irrevocably authorized Pref Member to file this affidavit of confession of judgment, and authorized entry of judgment against me, in favor of Pref Member in the Judgment Amount set forth below; and

k.      This confession of judgment is contingent upon the Gans Entities' defaulting under the Settlement Agreement. Only upon the Gans Entities' default under the Settlement Agreement will this confession of judgment become operative.

6.      If I or any of the Gans Entities default under the Settlement Agreement, I hereby irrevocably confess judgment and authorize the entry thereof in New York County against me, and in favor of Pref Member, without any further notice in the amount of $_____ (the "Judgment Amount"). This sum represents (a) the unpaid principal balance on the Preferred Equity Loan in the amount of $_____; and (b) accrued and default return in the amount of $_____.

7.      I admit and expressly acknowledge that the return is as of the date listed therein, and that such sums will continue to accrue up to the date that judgment is entered in this matter.

3

8.    The amount confessed to herein does not exceed the amount of liability set forth in the Non-Recourse Carve-Out Guaranty.

9.    If I or the Gans Entities default under the Settlement Agreement, I hereby irrevocably authorize Pref Member, its representatives, attorneys and/or agents to: (a) complete this Affidavit in Support of Confession of Judgment by filling in paragraph 6 hereof with the Debt then due in accordance with the terms of the Pref Loan as the Judgment Amount; (b) file this Affidavit in Support of Confession of Judgment with any court of competent jurisdiction within the State of New York without further notice to me or Common Member; and (c) enter and execute judgment thereon. I further agree that Pref Member's determination of such Debt then due in accordance with the terms of the Operating Agreement shall be binding upon me. I hereby waive any and all objections to the calculation of the Debt and Judgment Amount.

10.    I hereby expressly waive any event, occurrence, or circumstance which may otherwise constitute a legal or equitable defense to liability, the amount of any judgment, or the right to enter judgment, and waive any and all defenses I may otherwise be able to assert as a defense to payment, including but not limited to any claim or defense of fraud in the inducement, all of which defenses I hereby expressly waive.

11.    I acknowledge that I am subject to personal jurisdiction in the State of New York in connection with this Affidavit in Support of Confession of Judgment, I hereby consent to the jurisdiction of any court of competent jurisdiction within the State of New York, and I hereby waive any defense I may otherwise have concerning lack of jurisdiction or improper venue.

12.    I make this Affidavit of Confession of Judgment upon the advice of counsel, with full knowledge and understanding of the import and potential consequences of the statements

4

contained herein and make this Affidavit of Confession of Judgment under my own free will and

free of any duress.

13.    This confession of judgment is not for the purpose of securing Pref Member

against a contingent liability and is not an installment loan within the prohibition of CPLR 3201.

_____
ROBERT GANS

Sworn to before me this
[ 9 ]th day of September, 2022

_____
Notary Public

RON A. CURRIE
Notary Public, State of New York
No. 01CU6084826
Qualified in New York County
Commission Expires Dec. 16, 2022