**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
Fred B. Ringel
Steven Eichel
Clement Yee
*Attorneys for the Mezz Debtors*
*Proposed Attorneys for the PropCo Debtors*
*and Common Member Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

In re:

**STARLIN LLC** *et al.*,[1]

                        Debtors.

---------------------------------------------------------------X

In re:

**175 SPRING STREET LLC et al.**,[2]

                        Debtors.

---------------------------------------------------------------X

Chapter 11

Case No. 22-10888 (MG)

(Jointly Administered)

Chapter 11

Case No. 22-

(Joint Administration Requested)

**MOTION TO SHORTEN NOTICE ON**
**DEBTORS' MOTION TO APPROVE SETTLEMENT AGREEMENT**

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

---

[1] The Mezz Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Starlin LLC (6765); 610 West 46th Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners, L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871); and RG Mezz VI LLC (8222).

[2] The PropCo Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 175 Spring Street LLC (4249); 610 West 46th Street LLC (3898); 616-620 West 46th Street LLC (3706); 616 11th Avenue LLC (5258); 609 11th Avenue LLC (5047); 613 11th Avenue LLC (6820); 617 11th Avenue LLC (9177); 623 11th Avenue LLC (5464); 108 Merrick Boulevard LLC (3250); and 533 West 27 Street Common Member LLC (4581).

4863-6290-4882, v. 4

1

**Starlin LLC** and its affiliates, as debtors and debtors in possession (together, "Debtors"), files this motion ("Motion to Shorten Time"), pursuant to Bankruptcy Rule 9006(c) for entry of an Order Shortening Notice on the Debtor's Motion to Approve Settlement Agreement ("9019 Motion"). In support of the entry of the Motion to Shorten Time and the annexed proposed order, the Debtors respectfully allege as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief below are section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9006(c).

2. Bankruptcy Rule 2002(a)(3) requires 21 days' notice on "the hearing on approval of a compromise or settlement of a controversy." Bankruptcy Rule. 2002(a)(3). Bankruptcy Rule 9006(c) further provides that when an act must be done within a specified time by the Bankruptcy Rules, "… the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c).

3. As explained in the 9019 Motion being filed contemporaneously, the 9019 Motion requests that the Court approve the settlement agreement ("Agreement") between the Debtors and Clinton PB Holdings I LLC, Clinton PB Holdings II LLC, and Clinton PB Holdings III LLC (collectively, "CPBH Entities").

The Agreement provides a critical roadmap for the consensual resolution of the cases through the settlement of highly contentious claims between the Debtors and the CPBH Entities and a material reduction of senior secured claims against the estates. Among other things, the settlement establishes consensual milestones that allow the Debtors the opportunity to consummate a transaction and make the reduced settlement payment. It also provides for the exercise of a purchase option for certain property leased by a non-debtor (Argo 45 LLC ("Argo")) — financed by the applicable CPBH Entities on agreed terms — followed by the chapter 11 filing by that entity. The Agreement also includes, subject to this Court's approval, the requirement that the Debtors (inclusive of Argo) (a) file a plan and disclosure statement on or before November 7, 2022, (b) hearing to confirm the plan occur on or before December 8, 2022, and (c) that such plan become effective no later than December 22, 2022.[3] These milestones are provided so that the CPBH Entities will be paid their reduced settlement amount of over $200 million (plus additional amounts as set forth in the Settlement), an amount discounted by over $45 million, on or before December 22, 2022.

4.     Given the expedited timeframe within which the Debtors must file, confirm a plan, and pay the CPBH Entities the discounted Settlement Amount (as defined in the Agreement), the Debtors are seeking to shorten the notice period for approval of the Agreement from 21 days to 15 days or as soon as the Court can hear the 9019 Motion on or after September 28, 2022. Upon approval of the Agreement,

---

[3] These milestones take into account the prepetition efforts already undertaken by the Debtors and their principal to pursue the transactions contemplated by the Agreement.

the Debtors can then focus their energies on meeting the deadlines set forth in the Agreement. There is only a small number of non-insider creditors in the Debtors' cases. The Debtors submit that no parties will be prejudiced by shortening notice on the 9019 Motion from 21 to 15 days. The Agreement resolves all claims and disputes amongst the Debtors' and the CPBH Entities and confers substantial benefits on the Debtors' estates, their creditors and stakeholders that would be lost if the transactions contemplated by the Agreement did not proceed.

5. For these reasons, the Debtors request the Court enter an order shortening notice of the hearing under Bankruptcy Rule 9019 and schedule the hearing on September 28, 2022 or as soon thereafter as the Court's calendar permits.

## NOTICE

6. The Debtors are submitting this motion to shorten notice *ex parte* due to the need for expedited consideration set forth above and in the 9019 Motion. Upon entry of the order shortening notice, the Debtors request permission to provide notice of the entry of the order and the hearing on the Motion to approve the settlement agreement via overnight delivery to (i) the Office of the United States Trustee; (ii) parties who have filed notices of appearance; (iii) counsel to CPBH entities, and (iv) all creditors of the Debtors. The Debtors submit that said notice is adequate and proper.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) shortening notice on the 9019 motion and setting the hearing date for the

9019 Motion for September 28, 2022 or as soon thereafter as the Court's calendar permits (ii) setting such objection deadlines as the Court deems appropriate, and (iii) granting the Debtor such further relief as is just and proper.

DATED: New York, New York
September 14, 2022

                        **LEECH TISHMAN ROBINSON BROG PLLC**
                        Attorneys for the Mezz Debtors
                        Proposed Attorneys for the PropCo Debtors and Common Member Debtor
                        875 Third Avenue
                        New York, New York 10022
                        Tel. No.: 212-603-6300

                        By:   /s/ Fred B. Ringel
                              **Fred B. Ringel**