**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

In re:

STARLIN LLC, *et al.*,[1]

                                     Debtors.

:    Chapter 11
:
:    Case No. 22-10888 (MG)
:
:    (Jointly Administered)
:

------------------------------------------------------------------ X

## ORDER CONFIRMING SALE OF CERTAIN PROPERTIES

Upon the *Order Granting Final Approval of Disclosure Statement and Confirming Plan Proponents' Plan of Reorganization* [ECF No. 119] ("Confirmation Order")[2] authorizing and approving the Joint Plan of Reorganization Proposed by Starlin LLC and the CPBH Entities (ECF Doc. 96) ("Plan") and its Disclosure Statement for Joint Plan of Reorganization Proposed by Starlin LLC and Affiliated Debtors and the CPBH Entities (ECF Doc. 97) ("Disclosure Statement"), and as conformed to the Scheduling Order on November 15, 2022 (ECF Docs. 102, 103); with respect to the sale ("Sale") of the entirety of the real property located at 616/624 11th Avenue a/k/a 549/555 West 45th Street, a/k/ 552/556 West 46th Street, New York, New York being all of Lot 63, Block 1074 ("Property") pursuant to that Amendment to Sale-Purchase Agreement by and among 616 Eleventh Avenue LLC as Seller and Eleven W46 Realty LLC as Purchaser

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Starlin LLC (6765); 610 West 46th Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners, L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871); and RG Mezz VI LLC (8222); 175 Spring Street, LLC (4249); 610 West 46th Street LLC (3898); 616-620 West 46th Street LLC (3706); 616 11th Avenue LLC (5258); 609 11th Avenue LLC (5047); 613 11th Avenue LLC (6820); 617 11th Avenue LLC (9177); 623 11th Avenue LLC (5464); 108 Merrick Boulevard LLC (3250); 533 West 27 Street Common Member LLC (4518); and Argo 45, LLC (1499).

[2]     Except as otherwise noted, capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Confirmation Order. To the extent that a defined term is defined both in the Plan and the Confirmation Order, the definition in the Plan shall govern.

1

("Purchaser") and in furtherance of and implementation of, the Confirmation Order, it is hereby

**ORDERED, ADJUDGED AND DECREED, that:**

1. The Sale of the Property to the Purchaser, and all provisions, terms and conditions of the Sale Agreement and any and all deed(s), assignment(s) and other documents and instruments delivered pursuant thereto or in connection therewith, are hereby confirmed and approved.

2. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and, as such, is hereby granted all the protections afforded thereby. The consideration provided by the Purchaser for the Property shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded under section 363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act or any other similar federal or state laws. The Purchaser is not an "insider" of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

3. The Plan Administrator (as such term is used in the Confirmation Order) is authorized and directed to take such steps, execute such documents, agreements and instruments, and expend such funds as may be reasonably necessary to effectuate and implement the terms and conditions of this Order and the Confirmation Order and to close on the Sale of the Property in accordance with this Order, the Confirmation Order and the Sale Agreement.

4. The Plan Administrator (as such term is used in the Confirmation Order) is authorized and directed to execute and deliver, and to perform under, consummate and implement, the Sale Agreement and all transactions pursuant thereto, together with all additional instruments

2

and documents that may be necessary or desirable to implement the Sale Agreement and to take all further actions as may be (a) reasonably requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser, or reducing to possession, the Property free and clear of all liens, claims, charges, encumbrances or interests of any kind or nature or (b) necessary or appropriate to the performance of the obligations contemplated by the Sale Agreement, all without further order of the Court.

5.      Each and every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale of the Property discussed herein and pursuant to the Plan and a copy of this Order may be filed or recorded in any place where state, federal or local law permits filing or recording, including in the records of the County where the Property are located.

6.      On the date of the Closing under the Sale Agreement, the Property shall be transferred to Purchaser, and such transfer shall (a) be legal, valid and effective; (b) vest Purchaser with all right, title and interest of the Debtors' Estates in and to the  Property; and (c) be free and clear of all liens, claims, charges, encumbrances or interests of any kind or nature.

7.      As more particularly provided in the Confirmation Order, to the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under the Property pursuant to the Sale shall not be subject to tax, governmental assessment or fee under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due in connection with or in furtherance of the Plan as confirmed by the Court hereunder and in the Confirmation Order and shall not be subject to any state, local or federal law imposing such tax, governmental assessment or fee and the appropriate state or local government officials or agents

3

shall forego collection of any such tax, governmental assessment or fee and shall accept for filing

and recordation any of the foregoing instruments or other documents without the payment of any

such tax, governmental assessment or fee. Such exemption specifically applies, without

limitation, to [(i)] the Sale of the Property under the Sale Agreement .

8.      Pursuant to section 1146(a) of the Bankruptcy Code, all state and local

government agencies, entities or authorities are jointly and severally restrained and enjoined

from commencing or continuing any action to collect from the Debtors, the CPBH Entities (or

their designee(s)), or the Property, any stamp tax, real estate transfer tax, mortgage recording tax

or similar tax, governmental assessment or fee within the meaning of section 1146(a) of the

Bankruptcy Code with respect to the Sale.

9.      The Office of the Register of the City of New York in New York County

shall record any recordable instrument of transfer with respect to the transfer of any asset

pursuant to or in furtherance of the Plan and any other related instruments contemplated under

the Plan, including without limitation, the Sale of the Property under the Sale Agreement

(collectively, "Transfer Documents") without the payment of any New York State Real Estate

Transfer Tax imposed under article 31 of the New York Tax Law, any New York City Real

Property Transfer Tax imposed under section 11-2102 of the New York City Administrative

Code, any filing fees or recording fees with respect thereto, any mortgage recording fees, and

any other tax, governmental assessment or fee within the purview of section 1146(a) of the

Bankruptcy Code.

10.     Each and every federal, state and local governmental agency or

department is hereby directed to accept any and all documents and instruments necessary, useful

4

or appropriate to effectuate, implement and consummate the Sale of the Property pursuant to the

Sale Agreement as contemplated by the Plan, the Confirmation Order and this Order.

11.   All filing officers are directed to accept for recording or filing and to

record or file the Transfer Documents immediately upon presentation thereof without payment of

such taxes, governmental assessments or fees and without the presentation of any affidavits,

instruments or returns otherwise required for recording, and the recording officer is directed to

comply with the provisions of the Confirmation Order and this Order.

12.   The Court shall retain jurisdiction to enforce the provisions of the Order

and the Sale Agreement and to resolve any disputes concerning this Order, the Sale Agreement,

the distribution of any sale proceeds or the rights and duties of parties thereunder.

13.   Nothing herein shall modify, waive or limit any of the provisions of the

Confirmation Order which is incorporated herein by reference.

14.   The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry and the requirements of Bankruptcy Rule 6004(h) are hereby waived.

**IT IS SO ORDERED.**

Dated:  February 22, 2024
         New York, New York

                                          _____**/s/ Martin Glenn**_____
                                               MARTIN GLENN
                                   Chief United States Bankruptcy Judge

## EXHIBIT A

Sale Agreement

## AMENDMENT TO SALE-PURCHASE AGREEMENT

This Amendment to Sale-Purchase Agreement ("Amendment") is entered into as of the 15th day of February, 2024, by and between **616 11TH AVENUE LLC**, a New York limited liability company, having an address at c/o Getzler Henrich & Associates LLC, 295 Madison Avenue, 20th Floor, New York, New York 10017 ("Seller"), and **ELEVEN W46 REALTY LLC**, a New York limited liability company having an address at 199 Lee Avenue, #103, Brooklyn, New York 11211 ("Purchaser").

WHEREAS, Seller and Purchaser are parties to that certain Sale-Purchase Agreement, dated as of December 21, 2023 (the "Contract"), pertaining to the sale of a portion of the real property to be subdivided located at 616/624 11th Avenue a/k/a 549/555 West 45th Street, a/k/a 552/556 West 46th Street, New York, New York, being a portion of Lot 63, Block 1074 on the Tax Map of New York County, as more particularly described in the Contract; and

WHEREAS, Purchaser now desires to purchase from Seller, and Seller desires to sell to Purchaser, the entirety of the real property located at 616/624 11th Avenue a/k/a 549/555 West 45th Street, a/k/a 552/556 West 46th Street, New York, New York, being all of Lot 63, Block 1074 on the Tax Map of New York County, as more particularly described in Exhibit A attached hereto and made a part hereof ; and

WHEREAS, the parties wish to amend the Contract on the terms and conditions provided in this Amendment.

NOW, THEREFORE, in consideration of the aforesaid and for other good and valuable consideration, the parties hereby agree as follows:

1. All capitalized terms used herein and not otherwise defined in this Amendment shall have the respective meanings ascribed to them in the Contract.

2. The defined term "Property" shall mean the land described on Exhibit A attached hereto, and the buildings and improvements located thereon.

3. All references in the Contract to the defined terms "Subdivided Land" and "Subdivision Approvals" are hereby deleted.

1

4. The Purchase Price is hereby increased by the amount of $14,850,000 from $18,350,000 to $33,200,000.

5. Contemporaneously with the execution of this Amendment, Purchaser shall wire to the Escrow Agent an additional escrow deposit in the amount of $742,500 to increase the Initial Deposit to $1,660,000.

6. Upon full execution of this Amendment by Purchaser and Seller, this Amendment will be submitted to the Bankruptcy Court for issuance of a new Sale Approval Order for approval of the Contract as amended by this Amendment.

7. Section 5 of the Contract is hereby deleted in its entirety and replaced as follows:

*Closing. The Closing shall take place with the balance of the Purchase Price received by 5:00 p.m. (New York time), through an escrow-style closing conducted by the Title Insurer as settlement agent, on or before the later of (i) March 21, 2024 or (ii) fifteen (15) days after the Sale Approval Order authorizing the sale pursuant to this Agreement, as amended, is issued by the Bankruptcy Court, **TIME BEING OF THE ESSENCE** with respect to Purchaser's obligation to close on or before such date, subject to Seller's rights to adjourn the Closing as permitted under this Agreement (such date is hereinafter referred to as the "Closing Date").*

*If Seller undertakes good faith, commercially reasonable efforts to obtain the Sale Approval Order but is unable to obtain the Sale Approval Order on or before the Closing Date, then Purchaser shall have the right to terminate this Agreement, and if Purchaser so elects to terminate this Agreement, (i) the Deposit shall be refunded to Purchaser, (ii) Seller shall reimburse Purchaser for Purchaser's actual out-of-pocket costs, and (iii) Seller shall pay Purchaser a termination fee in the amount of $150,000.*

8. Section 11 of the Contract is hereby deleted in its entirety.

9. It being the intent of the parties that Purchaser shall receive 100% of the benefit of any mortgage tax savings or exemption from mortgage recording tax, Section 41 of the Contract is amended as follows:

    (i) In subparagraph (a), the following text is hereby deleted: *In addition, Purchaser shall pay to Seller at Closing an amount equal to fifty percent (50%) of the mortgage recording tax savings as a result of the assignment of the split-mortgage.*

2

(ii)     In subparagraph (b), the following text is deleted: *If such motion is approved by the Bankruptcy Court, Purchaser shall pay to Seller at Closing an amount equal to fifty percent (50%) of the mortgage recording tax savings as a result of the exemption approved by the Bankruptcy Court.*

10.     As amended and modified by the terms of this Amendment, the Contract remains in full force and effect. This Amendment may be executed in counterparts. PDF, fax or electronically scanned signatures shall have the same force and effect as original signatures.

**IN WITNESS WHEREOF**, this Amendment to Sale-Purchase Agreement has been duly executed by the parties hereto as of the day and year first above written.

**SELLER:**
**616 11ᵀᴴ AVENUE LLC**

By: _____
Name: William Henrich
Title: Plan Administrator

**PURCHASER:**
**ELEVEN W46 REALTY LLC**

By: _____
Name: Cheskel Schwimmer
Title: Authorized Signatory

3

## EXHIBIT A

### Legal Description

All that certain plot, piece or parcel of land situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Eleventh Avenue distant 56 feet 6 3/4 inches northerly from the corner formed by the intersection of the northerly side of West 45th Street and the easterly side of Eleventh Avenue;

RUNNING THENCE northerly along the easterly side of Eleventh Avenue 119 feet 2 inches;

THENCE easterly and parallel with the southerly side of West 46th Street 76 feet;

THENCE northerly and parallel with the easterly side of Eleventh Avenue 25 feet 1-1/4 inches to the southerly side of West 46th Street;

THENCE easterly along the southerly side of West 46th Street 74 feet;

THENCE southerly and parallel with the easterly side of Eleventh Avenue 100 feet 5 inches to the center line of the block;

THENCE easterly along the same and parallel with the southerly side of West 46th Street 50 feet;

THENCE southerly and parallel with the easterly side of Eleventh Avenue 100 feet 5 inches to the northerly side of West 45th Street;

THENCE westerly along the northerly side of West 45th Street 100 feet;

THENCE northerly and parallel with the easterly side of Eleventh Avenue 75 feet 3-3/4 inches;

THENCE westerly and parallel with the northerly side of West 45th Street 30 feet;

THENCE southerly, and parallel with the easterly side of Eleventh Avenue, 18 feet 9 inches;

THENCE westerly and parallel with the northerly side of West 45th Street and part of the distance through a party wall 70 feet to the easterly side of Eleventh Avenue the point or place of BEGINNING.

4